ON MOTION FOR REHEARING
SHARP, Judge.
We vacate the prior opinion in this case and substitute the following in its place.
Mott appeals from a modified sentence imposed on February 19, 1985, which increased the sum she was required to pay the victim as a condition and requirement of her probation from $742.50 to $6,309.53. Although it is not reflected in the written sentence, nor in the record which was first furnished to this court, the judge at the original sentencing hearing stated that he reserved jurisdiction for the prosecutor to present further evidence to convince the court that additional restitution beyond *855 $742.50 was due. The oral pronouncement of the judge controls over the written order. Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984); Clarke v. State, 453 So.2d 488 (Fla. 2d DCA 1984); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982).
Therefore, since the trial court reserved jurisdiction in open court in Mott’s presence for the prosecutor to present further evidence with regard to the amount of money Mott took from the victim, there was no error in entering the modified restitution order based upon the evidence presented at the restitution hearing. Accordingly, we affirm the sentence and modified restitution order.
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.