543 So.2d 800 (1989)
Richard S. WILKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2133.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
Rehearing Denied May 30, 1989.
*801 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Richard S. Wilkins, appeals his convictions and sentences for two counts of sexual battery, kidnapping, and aggravated assault. The evidence at trial established that Wilkins pulled a knife on a convenience store worker, forced her into his pickup truck, and drove to a cemetery where he sexually assaulted her twice. The jury found Wilkins guilty and he was later sentenced to concurrent twenty-seven year terms of imprisonment for kidnapping and two counts of sexual battery and a concurrent five years for aggravated assault.[1]
On appeal, Wilkins first argues that the aggravated assault is a lesser included offense of kidnapping and therefore that conviction must be set aside on double jeopardy grounds. We disagree. At least since the advent of Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Double Jeopardy Clause under the United States Constitution does no more than prevent the sentencing court (in one trial setting) from prescribing greater punishment than the state legislature intended. Missouri v. Hunter, supra, 459 U.S. at 366, 103 S.Ct. at 678. That intent is clearly set forth in section 775.021(4)(b), Florida Statutes (Supp. 1988). Utilizing the Blockburger[2] analysis prescribed by that section, it is apparent that kidnapping and aggravated assault are separate offenses, each requiring proof of an element that the other does not.[3] This is conceded by the appellant. Therefore, there is no double jeopardy argument available to Wilkins under the United States Constitution because of the applicable Florida Statute.
*802 Wilkins could have argued that "double jeopardy" protection under the Florida Constitution is now broader in scope than under the United States Constitution, thereby avoiding the balkanization problem of Missouri v. Hunter, supra, wherein the United States Supreme Court delegated the problem of multiple punishments in a single trial setting to fifty state legislatures. Although technically dictum, there is language in Carawan v. State, 515 So.2d 161 (Fla. 1987) which clearly indicates that a majority of the Florida Supreme Court, if directly confronted with the question, would hold that the double jeopardy clause in article I, section 9, Florida Constitution, is defined not by Hunter, but by Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed.2d 872 (1873). See Carawan, at 163, 164. Despite this language, Carawan was not decided on an interpretation of the Florida Constitution, but rather on the basis of the Florida Supreme's Court's statutory construction of sections 775.021(1) and (4), Florida Statutes (1985). In its analysis the court employed the "rule of lenity." The lenity analysis has been specifically repudiated by the Florida Legislature with the enactment of section 7, Chapter 88-131, Laws of Florida, now codified as section 775.021(4)(b), Florida Statutes (Supp. 1988). See Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988).
Irrespective of either Chapter 775 or the United States Constitution as interpreted by Hunter, the Carawan dictum (endorsed by six members of the court) asserts that the Florida Constitution proscribes multiple punishments for the same offense even in a single trial setting, and has done so since 1845. Carawan at 164. In order to ascertain what is "the same offense" under the Florida Constitution, legislative intent is not dispositive. As the final arbiter of the meaning of the Florida Constitution, the Florida Supreme Court may, or may not, subscribe to the Blockburger test in defining "the same offense" for double jeopardy purposes under article I, section 9. There is language in Carawan which suggests that the court would not feel constrained by Blockburger in formulating that definition. The court may ultimately determine that the prohibition against being twice put in jeopardy for the "same offense" precludes multiple punishments and separate convictions under separate statutes which are intended to punish a "single evil." Carawan at 165, n. 5. Nevertheless, under the facts of the instant case, we do not believe the Florida Supreme Court would find kidnapping and aggravated assault to be "the same offense" under article I, section 9, Florida Constitution.
Wilkins also contends a sentencing guidelines error was made by assessing 40 (rather than 20) points on a sexual battery count requiring only proof of "union" rather than "penetration." He is correct in this regard, but the 20-point error was harmless since it did not impact on the sentence.
The last point raised by the appellant is conceded by the state. Although the trial court verbally pronounced a guideline sentence of five years in prison for the aggravated assault conviction, the written sentence form reflects imposition of a 27-year sentence for this offense. As we pointed out in Venuti v. State, 437 So.2d 238 (Fla. 5th DCA 1983), verbal pronouncements prevail over clerical errors. In Venuti, as here, the state conceded the written sentence was in error. Absent that concession, such conflict would require a factual resolution by the trial court, assuming the record did not clearly indicate the actual sentence intended.
Accordingly, we affirm the convictions and sentences below except for the 27-year sentence for aggravated assault, in regard to which we reverse and remand for entry of a corrected sentence of five years.
AFFIRMED in part; REVERSED in part; REMANDED.
DANIEL, J., concurs.
SHARP, C.J., concurs specially with opinion.
SHARP, Chief Judge, concurring specially.
While I agree with most of the majority opinion, I would stop with the Blockburger test as spelled out by section 775.021(1) and *803 (4). Kidnapping and aggravated assault each contain different elements, and both offenses were established by adequate (and even separate) proofs at trial. Therefore, convictions and punishments for both crimes is permissible and should be affirmed.
I disagree that we should speculate about the meaning of the dictum in Carawan referenced in the majority opinion, without additional guidance from the Florida Supreme Court. At best, about all we can safely surmise is that Florida's double jeopardy provision[1]may bar multiple punishments and convictions in a single trial setting as well as successive prosecutions  in contrast with the United States Supreme Court's interpretation of the Fifth Amendment in Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
Whether some lenity doctrine broader than the Blockburger test as adopted by section 775.021(1) and (4) may bar multiple prosecutions for two criminal offenses (as defined by Blockburger) in a single trial remains to be seen. As an intermediate court of appeal, we should leave the duty and privilege of unveiling any such new constitutional principle to the supreme court. I concur specially only because I think we should not speculate upon the inviting dictum in Carawan.
NOTES
[1] The written sentence for the aggravated assault erroneously reflected 27 years, the third issue raised by this appeal.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Section 787.01, Florida Statutes (1987) provides as follows:

787.01 Kidnapping; kidnapping of child under age 13, aggravating circumstances. 
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
* * * * * *
Section 784.021 provides as follows:
784.021 Aggravated assault. 
(1) An "aggravated assault" is an assault:
* * * * * *
(b) With an intent to commit a felony.
Section 784.011 provides as follows:
784.011 Assault. 
(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
[1] Article I, section 9, Florida Constitution, provides:

Due Process.  No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against himself.
Section 910.11, Florida Statutes, provides:
Conviction or acquittal bar to prosecution.
(1) No person shall be held to answer on a second indictment, information, or affidavit for an offense for which he has been acquitted. The acquittal shall be a bar to a subsequent prosecution for the same offense, notwithstanding any defect in the form or circumstances of the indictment, information or affidavit.