557 So.2d 926 (1990)
Elijah HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-417.
District Court of Appeal of Florida, Fifth District.
March 8, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Fleming Lee, Asst. Atty. Gen., and Robin A. Compton, Certified Legal Intern, Daytona Beach, for appellee.
PETERSON, Judge.
Elijah Harden requests that this court remand this cause with directions to enter the sentencing order in accordance with the trial court's oral pronouncements on the authority of Mott v. State, 489 So.2d 854 (Fla. 5th DCA 1986). The state agrees that the oral pronouncements of the court do not agree with the written sentence and also asks that this matter be remanded.
The appellant entered a plea of guilty. The court withheld adjudication of guilt and placed the defendant on probation for three and a half years with special conditions that he serve 190 days in the Osceola County Jail and pay $255 for investigative costs; in addition, the court imposed a $200 public defender lien. The written sentence signed by the trial judge indicated that the defendant was adjudicated guilty, that he was committed to the custody of the sheriff of Osceola County for a term of 190 days with 14 days credit for time served, that a $200 special public defender lien was imposed, and that $255 investigative costs were assessed. An "Order Withholding Adjudication of Guilt and Placing Defendant on Probation" was signed by the trial court, indicating that the defendant was placed on probation for a period of three and one-half years and, among other conditions, that the defendant pay $20 to the Florida Crimes Compensation Trust Fund and $200 as court costs pursuant to Section 27.3455, Florida Statutes.
The state concedes that oral pronouncements prevail over clerical errors. Venuti v. State, 437 So.2d 238 (Fla. 5th DCA 1983), and Mott v. State, 489 So.2d 854 (Fla. 5th DCA 1986).
*927 The cause is remanded for correction of the written sentence and order placing the defendant on probation so that they may conform to the oral pronouncements made by the court at the sentencing hearing.
REMANDED FOR CORRECTION OF WRITTEN SENTENCE.
GRIFFIN, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
While I concur with the instant result, given the concession by the state, I do not agree that verbal pronouncements necessarily prevail over written sentences. As we pointed out in Wilkins v. State, 543 So.2d 800, 802 (Fla. 5th DCA), review denied, 554 So.2d 1170 (Fla. 1989), such conflicts, absent such a concession, would require a factual resolution by the trial court to determine whether the error below was verbal or clerical. See also, Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989).