COWART, Judge.
The habitual offender statute, section 775.084, Florida Statutes, was amended effective October 1, 1988, to provide for enhanced punishment on an “habitual felony offender” and on an “habitual violent felony offender.”
In the case of a felony of the first degree, section 775.084(4)(b)l. provides that the court may sentence an habitual violent felony offender “for life, and such offender shall not be eligible for release for 15 years.” The defendant was convicted of robbery with a firearm, under section 812.-13(2)(a), Florida Statutes, a first degree felony punishable by life imprisonment. The robbery occurred on December 3, 1988 and therefore the habitual offender statute as amended effective October 1, 1988, was applicable. The written notice served by the State on the defendant and his attorney pursuant to section 775.084(3)(b) stated only that the State intended to seek “enhanced punishment pursuant to F.S. 775.-084” and did not specify whether that enhanced punishment was to be sought as to the defendant being an “habitual felony offender” or an “habitual violent felony offender.” At sentencing, the prosecutor orally announced he sought to have the defendant classified as an “habitual violent felony offender”; however, when the trial court asked what “sentencing parameters” the State was seeking, the prosecutor read from a portion of the statute dealing with the “habitual felony offender” (§ 775.-084(4)(a)) and not the “habitual violent felony offender” (§ 775.084(4)(6)). The trial judge orally stated, “I’m going to find you [the defendant] to be a habitual felony offender” and “I’m going to give you 18 years, and 3 of those will be minimum mandatory ... with the minimum mandatory for having a gun.” [1] When the trial judge was reminded that the defendant had not possessed the firearm involved in the armed robbery, the trial judge responded, “Well, there won’t be any minimum manda *1289 tory then.” However, the written sentencing order provides “the defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence (sic) in accordance with the provisions of F.S. 775.084(4)(a)” and in the left-hand column under the printed phrase “habitual offender” is handwritten the word “violent.”
In summary the trial judge’s statements in court and the pronouncement of sentence all seem to refer to the defendant’s classification as being an “habitual felony offender” while the written sentence related to the defendant being classified and sentenced as an “habitual violent felony offender,” the main difference being that as an “habitual violent felony offender,” the first fifteen years of the defendant’s 18 year sentence would constitute a minimum mandatory sentence. Adjudication of the status of an “habitual violent felony offender” under section 775.084(l)(b) and the imposition of a fifteen year minimum mandatory sentence under section 775.-084(4)(b)l., Florida Statutes, is too important to be based on the confusion shown by the record to surround that sentence in this case. Because of the conflict between the transcript of the oral sentencing proceedings and pronouncement and the written sentencing order, the defendant’s sentence for robbery with a firearm (§ 812.13(2)(a)), being Count I of the information in circuit court case number CR 88-11122/A, is vacated [2] and the cause remanded for resen-tencing.
SENTENCE VACATED; CAUSE REMANDED.
DANIEL, C.J., and GRIFFIN, J., concur.

. At this point the trial judge's reference to a three year minimum mandatory sentence for having a gun doubtless referred to section 775.-087(2)(a)l., Florida Statutes.

. See e.g., Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA 1989), rev. denied, 554 So.2d 1170 (Fla.1989); Venuti v. State, 437 So.2d 238 (Fla. 5th DCA 1983).