563 So.2d 178 (1990)
Timothy Dean LESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1855.
District Court of Appeal of Florida, Fifth District.
June 14, 1990.
*179 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Timothy Dean Lester, a juvenile, appeals the terms of his sentence. We remand for resentencing.
Lester entered a guilty plea to the charge of carrying a concealed firearm. At sentencing, the court orally classified Lester as a youthful offender, withheld adjudication, placed him on probation for three years, and imposed a special condition that he serve six months in a juvenile facility, Britt Halfway House. An inconsistent written order followed which adjudicated Lester guilty of committing a delinquent act, committed him to the Department of Health and Rehabilitative Services (H.R.S.) for placement in an appropriate program, recommended placement in Britt Halfway House, and assessed costs of $232.50.
Lester argues that the inconsistent written sentence must conform to the oral pronouncements. Generally, an oral sentencing pronouncement prevails over a subsequent written sentence where the state concedes that the latter was in error. Harden v. State, 557 So.2d 926 (Fla. 5th DCA 1990); Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), review denied, 554 So.2d 1170 (Fla. 1989); Mott v. State, 489 So.2d 854 (Fla. 5th DCA 1986); Venuti v. State, 437 So.2d 238 (Fla. 5th DCA 1983). In the instant case, the state has not conceded that all provisions of the written sentence were in error, and, therefore, the orally pronounced sentence cannot be substituted for the written order. Absent concession by the state, a conflict between the written order and the oral pronouncement requires a factual resolution by the trial court. Wilkins, supra.
Furthermore, the oral sentence was defective in that, while the court attempted to classify Lester as a youthful offender, it failed to make a written finding, pursuant to section 39.111(7)(c), Florida Statutes, as to Lester's suitability for adult sanctions. The oral sentence also placed Lester under the supervision of H.R.S. rather than the Department of Corrections in contravention of section 958.04, Florida Statutes.
Lester also argues that the assessment of costs must be stricken since the court awarded costs without providing him with adequate notice and affording him an opportunity to be heard. We agree that the assessment of costs in the written order was erroneous. Bull v. State, 548 So.2d 1103 (Fla. 1989); Jenkins v. State, 444 So.2d 947 (Fla. 1984). Lester had neither notice nor opportunity to object since the assessment of costs first appeared in the written order.
On remand, the trial court shall choose between committing Lester to H.R.S. for an indeterminate period of time pursuant to section 39.111, Florida Statutes (1987), or sentencing him as a youthful offender under Chapter 958 of the Florida Statutes, if appropriate, after a disposition hearing pursuant to section 39.111(7). Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989). Costs may be imposed provided Lester is given proper notice and an opportunity to object.
Sentence VACATED; cost judgment STRICKEN; and REMANDED.
COBB and COWART, JJ., concur.