616 So.2d 200 (1993)
Wendy ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2598.
District Court of Appeal of Florida, Fifth District.
April 16, 1993.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
No appearance for appellee.
PER CURIAM.
This is an Anders appeal in which we have discovered two minor sentencing errors. At sentencing, the trial court gave appellant 146 days of jail time credit against her sentence in Case No. 92-31867. However, the written order reflects only 140 days of credit. Oral pronouncements control over provisions in the written order where clerical error caused the discrepancy. Avery v. State, 543 So.2d 296 (Fla. 5th DCA 1989); rev. dismissed, 553 So.2d 1164 (Fla. 1989). Appellant's jail time credit in Case No. 92-31867 is corrected to 146 days.
In Case No. 91-3180, the trial court imposed a special condition of community control, requiring appellant to keep a daily journal and provide it to her community control officer upon request. This condition was not orally pronounced at sentencing. The state has not conceded error. Therefore, the sentence is vacated and the cause is remanded to the trial court for resolution of the discrepancy. See O'Neal v. State, 566 So.2d 375 (Fla. 5th DCA 1990); Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990).
Judgment AFFIRMED; sentence VACATED; cause REMANDED for resentencing.
DAUKSCH, DIAMANTIS and THOMPSON, JJ., concur.