617 So.2d 1166 (1993)
Marlette Evette CLEVELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1689.
District Court of Appeal of Florida, Fifth District.
May 21, 1993.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant, Marlette Evette Cleveland, timely appeals her sentence for aggravated battery.
Cleveland entered a written plea of no contest to aggravated battery with the agreement that the State would recommend one year of probation if appellant had no priors.
At sentencing, Cleveland was adjudged guilty of aggravated battery and placed on two years of community control. The judge assessed court costs in the amount of $225. The judgment placing Cleveland on community control contains several special conditions. A portion of the judgment to be signed by the defendant provides:
I acknowledge receipt of a copy of this order and that the conditions have been explained to me.
Cleveland never signed this acknowledgment.
Cleveland argues that the trial court erred in imposing twenty-three conditions of community control, including court costs, without announcing these conditions orally at the sentencing hearing. She specifically takes exception to the following conditions:
(4) You will neither possess, carry or own any weapons or firearms;
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used;
(10) You will perform hours of public service work/alternative community service work as directed by your community control officer;
(14) You will participate in self-improvement programs as determined by the Court or your Community Control Officer; and

*1167 (17) The court retains jurisdiction to place you in the probation and restitution center upon recommendation of your community control officer without a finding of violation of community control.
The State responds that the trial court is not required to orally pronounce conditions at trial, or in the alternative, that only special conditions need be announced.
Section 948.03, Florida Statutes, lists certain standard conditions of probation or community control which a trial court may impose, but, of the conditions imposed in Cleveland's case, only community service is specifically provided for by statute.
Only one case from this court appears to briefly address this issue. In Anderson v. State, 616 So.2d 200 (Fla. 5th DCA 1993), this court reviewed an Anders appeal and held:
In Case No. 91-3180, the trial court imposed a special condition of community control, requiring appellant to keep a daily journal and provide it to her community control officer upon request. This condition was not orally pronounced at sentencing. The state has not conceded error. Therefore the sentence is vacated and the cause is remanded to the trial court for resolution of the discrepancy. See O'Neal v. State, 566 So.2d 375 (Fla. 5th DCA 1990); Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990).
In both Lester (absent concession by the State) and O'Neal, sentences were vacated and the cases were remanded to the trial judge because a factual dispute existed as to what sentence the judge actually intended. These cases are not directly in point.
The Second District in Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992), opinion clarified on rehearing, (December 23, 1992) has held that conditions of probation not orally pronounced at sentencing would be reversed notwithstanding any actual knowledge the defendant might have of the conditions. In Olvey, the defendant argued that certain conditions of probation, including restitution, were imposed on him without sufficient notice. Upon violation, he was sentenced to incarceration and probation. He appealed, challenging the "special conditions" of his new probation on the grounds that the trial court failed to orally pronounce the conditions at sentencing. The court reversed and struck ten conditions of probation, finding that due process required that special conditions of probation must be pronounced in open court so that the defendant will know the conditions and have an opportunity to object to them. Olvey held that in order to satisfy the minimum requirements of due process, the court must inform the defendant of each special condition in a manner sufficient to give the defendant an opportunity to object at that time to any condition the defendant believes inappropriate.
While we do not agree that a trial judge must read and explain each and every special condition to a defendant, we do agree that some procedure must be utilized so that a defendant, before sentencing is completed, is aware of and understands the conditions of his probation and can object to them. Perhaps the easiest manner of complying with this requirement is that in all cases in which the court is considering probation as an option, a copy of the proposed probation conditions be furnished to the defendant and his counsel at sentencing. Counsel should then be given sufficient time to explain the conditions to the defendant, and the defendant should be required to sign the appropriate acknowledgment in open court. If the defendant is unwilling to accept appropriate conditions, then the court is free to exercise its discretion as it pleases.
Based on our holding in Anderson, the trial court's failure to orally pronounce the special conditions of Cleveland's probation constitutes a "discrepancy." Therefore, Cleveland's sentence is vacated and her case remanded for resolution of this discrepancy.
REVERSED and REMANDED for further action consistent with this opinion.
PETERSON and THOMPSON, JJ., concur.