PER CURIAM.
Eddie Darby appeals his judgments and sentences which were entered by the trial court after Darby pled nolo contendere to the charges of violating his probation and committing the new substantive offense of grand theft. We affirm the judgment and sentence entered on the grand theft charge, affirm the judgment entered on the violation of probation charge, but vacate the sentence entered on the violation of probation charge.
At the sentencing hearing, the trial court orally pronounced a three-year sentence in the Department of Corrections for the violation of probation charge and a consecutive three-year sentence in the Department of Corrections followed by two years of supervised probation for the grand theft charge; however, the written sentencing order reflects that a 3/&-year sentence was imposed for the probation violation charge. Because a discrepancy exists between the trial court’s oral pronouncement and the written sentencing order regarding the probation violation charge, and because the state has not conceded error, this matter must be remanded to the trial court for clarification. See White v. State, 597 So.2d 438 (Fla. 2d DCA 1992); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), rev. denied, 554 So.2d 1170 (Fla.1989).
AFFIRMED in part; VACATED in part; REMANDED for clarification.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.