DAUKSCH, Judge.
In this appeal, conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the convictions and sentences. However, we also correct a scrivener’s error regarding community service as a special condition of probation.
During the sentencing hearing, the trial court stated: “I don’t know how I got this community service. I don’t intend you to do any of that.” Despite the court’s statements, the orders of probation appearing in the record include 100 hours community service as a special condition.
When a discrepancy exists between the trial court’s oral disposition and the written order with regard to special conditions of probation or community control, this court customarily remands the case to address the discrepancy. See Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993). In Cleveland, the trial court’s intent was unclear because the written judgment included certain special conditions of community control that had gone unaddressed altogether at the sentencing hearing. However, as indicated, in the instant case the trial court has already indicated that community service not be included as a special condition of appellant’s probation. Cleveland is thus distinguishable. Accordingly, we strike the special conditions of community service as a scrivener’s error.
AFFIRMED AS MODIFIED.
HARRIS and THOMPSON, JJ., concur.