746 So.2d 497 (1999)
David SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2658.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
*498 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
David Smith, Century, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Smith appeals from his adjudication of guilt for burglary of a conveyance,[1] and his sentence of eight years in prison as an habitual felony offender.[2] He raises two issues which we find have no legal merit. He also urges the sentence as written should be corrected to reflect the trial judge's oral pronouncement that the sentence in this case would run concurrent with any other active sentence. We affirm.
We have consistently held that if a trial court orally pronounces a sentence and later renders a written order which is in conflict, the oral pronouncement prevails over the written sentence, or if there is doubt as to what the trial court intended, the cause should be remanded for clarification. See Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993); Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990).
However, we cannot follow that course in this case because neither Smith nor his counsel challenged the sentence by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). We are at this point bound by our decisions in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 728 So.2d 203 (Fla.1999); Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998), rev. granted, sub nom, Maddox v. State, 728 So.2d 203 (Fla.1999).
AFFIRMED.
HARRIS, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, J., dissents.
I respectfully dissent.
The supreme court has indicated the rule in Maddox is no longer valid because it intends to reverse its holding. See Speights v. State, No.93,207, ___ So.2d ___ (Fla. May 14, 1999). Thus, we should no longer follow it.
NOTES
[1] § 810.02(1) and (3), Fla. Stat. (1997).
[2] § 775.084(4)(a), Fla. Stat. (1997).