W. SHARP, Judge.
Whitfield appeals his judgment and sentences imposed after being convicted of battery on a law enforcement officer, resisting an officer with violence, and misdemeanor criminal mischief. He was sentenced for the felonies under Florida’s Habitual Felony Offender Act,[1] and he raises two sentencing issues.
Whitfield first claims that the Habitual Felony Offender Act as amended in 1988[2] unconstitutionally denies equal protection and due process to those sentenced under its provisions. This court previously upheld the constitutionality of the revised statute. See King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla.1990).
Second, Whitfield points out a discrepancy between the trial court’s oral pronouncements and the written habitual offender findings. The trial court orally found Whitfield to be an habitual offender and imposed consecutive five year sentences for the two felonies. But, the written findings indicate that defendant was classified as an habitual violent felony offender and received consecutive ten year sentences, each with a five year minimum mandatory term.
The state argues that the written habitual offender findings were correct. Appel-lee notes a lot of confusion ensued at the sentencing hearing due to Whitfield’s unruliness, and counsel suggests that the written findings may reflect the court’s actual intent.
The record is simply not clear enough for us to conclude which sentence was intended. In this situation, the case should be remanded. See Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990). Upon remand, the trial court shall clarify whether it intended to classify Whitfield as an habitual offender or an habitual violent offender, and shall thereupon impose the corresponding sentence. There is also some confusion in the record concerning the length of incarceration. Accordingly, we quash the felony sentences and remand for resentencing. The convictions and misdemeanor sentence are affirmed.
*529 JUDGMENT AFFIRMED; FELONY SENTENCES VACATED; REMANDED for RESENTENCING.
GOSHORN and GRIFFIN, JJ„ concur.

. See § 775.084, Fla.Stat. (1989).

. See Ch. 88-131, § 6, Laws of Florida.