598 So.2d 325 (1992)
Carmen CHRISTOBAL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2259.
District Court of Appeal of Florida, First District.
May 27, 1992.
Nancy A. Daniels, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Carmen Christobal has appealed from a sentence imposed after entry of a nolo contendere plea to four counts of passing worthless checks. Her counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that no good faith argument can be made for reversal, except that the written probation order does not conform to the oral pronouncement of probation. The state has moved to dismiss, citing section 924.06(3), Florida Statutes (a defendant who pleads nolo contendere with *326 no express reservation of the right to appeal shall have no right to a direct appeal). We deny the motion to dismiss, and remand for conformance of the written order of probation to the oral pronouncement thereof.
As to the state's motion to dismiss, this court recently held in Pyle v. State, 596 So.2d 744 (Fla. 1st DCA 1992) that it had jurisdiction "to consider those appeals in which the appellants pled nolo contendere, and whose written probation orders include special conditions of probation that were not orally pronounced at the sentencing hearing." Pyle at 745. Therefore, the motion to dismiss for lack of jurisdiction is without merit, and is denied.
On the merits of the appeal, "[t]he inclusion of special conditions of probation in a written order that were not orally pronounced at the sentencing hearing mandates a reversal and remand for correction of the written order to conform to the oral pronouncement." Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989); McCollun v. State, 586 So.2d 490, 491 (Fla. 1st DCA 1991). Here, the trial court did not orally impose the $1.00 payment to First Step of Bay County, Inc. Further, it appears that a duplicate probation order directed to lower court Case No. 89-2764 was prepared in error. Therefore, the case is remanded with directions to strike the duplicate probation order described above, as well as the special condition that Christobal pay $1.00 to Bay County First Step, Inc.
Reversed and remanded with directions.
JOANOS, C.J., and BOOTH and SHIVERS, JJ., concur.