637 So.2d 362 (1994)
Tony JAMAIL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1669.
District Court of Appeal of Florida, First District.
June 1, 1994.
Kimberly Fitzpatrick Pell, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
*363 DAVIS, Judge.
Appellant, Tony Jamail, appeals his conviction and sentence for violation of probation on three grounds. The first of these is that the trial court failed to properly credit him for time served. The State agrees that it is impossible to discern from this record how much time appellant actually served, and therefore this cause must be remanded to the trial court to determine the amount of time served and to correct the appellant's sentence to reflect the proper amount of credit. Appellant also asserts that the trial court entered an illegal sentence on Count II, because the sentence of four and one half years plus the amount of time served would result in a sentence in excess of the five year statutory maximum for the offense charged. Having agreed that the trial court should award appellant the proper credit for time served, this Court cannot agree that the time served should be counted again to determine the true length of appellant's sentence. The sentence of four and one half years is within the statutory maximum and is not illegal. Finally, the trial court added a special condition of probation to the written judgment and sentence which was not included in the court's oral pronouncement of sentence. Specifically, the lower court added a requirement that the appellant pay $1.00 per month to First Step, Inc. of Bay County. As this Court held in Christobal v. State of Florida, 598 So.2d 325 (Fla. 1st DCA 1992), we must reverse and remand for entry of a written order which conforms to the oral pronouncement.
Accordingly, this cause is REVERSED AND REMANDED for further proceedings consistent with this opinion.
MINER and WEBSTER, JJ., concur.