638 So.2d 631 (1994)
Marcus BARTLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0309.
District Court of Appeal of Florida, Fourth District.
July 6, 1994.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
*632 PER CURIAM.
Appellant was charged by information with capital sexual battery on a minor. He petitioned the trial court to enter a plea of nolo contendere to the charge of lewd and lascivious assault. The trial court adjudicated him guilty of lewd assault on a child under sixteen and sentenced him to a term of seven years in prison followed by a term of eight years probation. The trial court imposed various fees and costs as special conditions of probation. It also orally ordered that the costs of supervision for probation and payment of court costs be waived for ninety days from the date of appellant's release from prison, but this provision does not appear in the written judgment or probation order. Appellant appeals to this court, raising three issues.
Appellant first argues, and the state concedes, that the written order must conform with the trial court's pronouncement in open court. Fla.R.Crim.P. 3.700; Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987) (general rule is that written order must conform to the oral pronouncement of judgment and sentence). Accordingly, we reverse this point on appeal and remand for the inclusion of the ninety days' waiver from cost of supervision and court costs from the date of appellant's release from prison.
Appellant also argues that the trial court erred in ordering him to pay $50 court costs pursuant to section 960.20, Florida Statutes, alleging that the charge should have been for the payment of only $20. We agree. Under section 960.20, Florida Statutes (1991), the amount was $20. The legislature increased the amount payable to the crimes compensation trust fund from $20 to $50, effective October 1, 1992. Ch. 92-287, Laws of Fla. Appellant committed the crime in the instant case between December 26, 1991 and September 1, 1992. Therefore, he can be charged only $20 on remand. State v. Yost, 507 So.2d 1099 (Fla. 1987).
On the third point, the trial court did not err in sua sponte ordering appellant to pay a public defender fee. See Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994). However, on remand the trial court should give appellant an opportunity within thirty days to contest the amount of the assessment. Mounts, at 603-604 (citing Fla.R.Crim.P. 3.720, and Bull v. State, 548 So.2d 1103 (Fla. 1989)).
ANSTEAD, HERSEY and GLICKSTEIN, JJ., concur.