651 So.2d 112 (1995)
Anthony HART, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04257.
District Court of Appeal of Florida, Second District.
February 1, 1995.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Clearwater, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleur J. Lobree, Asst. Atty. Gen., Miami, for appellee.
BLUE, Judge.
Once again this court is called upon to determine if conditions of probation must be stricken because the trial court failed to orally pronounce them at sentencing. Specifically, Anthony Hart challenges the following conditions contained in the order of probation filed on November 17, 1992:
(4) You will neither possess, carry, or own any weapon or firearm without first securing the consent of your Probation Officer.
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.
(13) You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with alcohol and/or any illegal drug. If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of *113 said evaluation, all to be completed at the discretion of your Probation Officer.
Contrary to Hart's contention, condition 13 was orally pronounced at sentencing and, therefore, we find no merit to his argument on this condition.
Conditions 4 and 6, and variations of these two conditions, are reviewed by this court with great frequency. These two conditions are similar to conditions 4 and 7 in the probation order form approved by the Florida Supreme Court and found in Florida Rule of Criminal Procedure 3.986. The relevant conditions, as stated in rule 3.986, are:
(4) You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
Rule 3.986 contains two lists of probation conditions. The first section, which is not separately titled, lists eleven conditions including numbers 4 and 7 quoted above. The second section is titled "SPECIAL CONDITIONS" and lists nine additional conditions that apply if checked. Although conditions 4 and 7 are not part of the "special conditions" list in the approved form, this court has determined that they are special conditions because they are not statutory conditions, i.e., probation conditions set forth in chapter 948, Florida Statutes (1991). Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
Whether probation conditions are special or general is the bright line between conditions that must be orally pronounced at sentencing and those for which oral pronouncement is unnecessary. Notice of probation conditions is required because defendants placed on probation normally do not see the probation order until they report to the probation office sometime after sentencing. Because a defendant must make a contemporaneous objection to probation conditions at the time of sentencing, the defendant must be informed of conditions being imposed. Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992) (en banc).
We have held, and continue to hold, that defendants have notice of all probation conditions contained in the statutes; therefore, there is no obligation to orally pronounce these conditions. Everyone is presumed to know the law and if, as a practical matter, the defendants themselves are not aware of these conditions, the knowledge of their attorney is imputed to them.
We believe the continuing problem of the probation conditions listed above arises from a misunderstanding of what constitutes a general condition of probation. We have consistently held that the only "general conditions" of probation are those contained within the statutes. At the trial court, however, it is apparently assumed that "general conditions" include all those contained in the approved probation order in rule 3.986. We note that the rules require trial courts to use this form when placing a defendant on probation. Thus, trial courts fail to orally pronounce the conditions they assume to be "general conditions" and we continue to strike in whole or in part the very same conditions because we have held that they are "special conditions" not orally pronounced.
Because we reverse trial courts far more often for failure to orally pronounce special conditions of probation than any other district court, it occurs to us that we may have too strictly defined "general conditions" of probation. Additionally, this district's case law striking probation conditions for lack of oral pronouncement developed prior to the amendment of rule 3.986 adding the probation form. It is possible that this addition provides sufficient notice to make oral pronouncement unnecessary. Therefore, we certify the following question of great public importance to the Florida Supreme Court:
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM `ORDER OF PROBATION' IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
*114 As to appellant Hart, we affirm condition 13. We affirm condition 4 insofar as it prohibits Hart, a convicted felon, from owning or possessing a firearm. See § 790.23, Fla. Stat. (1991). We strike the portion of condition 4 implying that Hart's probation officer may consent to Hart's possession of a firearm. See Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992). We also strike the portion of condition 4 that prohibits the possession or ownership of any weapon because it was not orally pronounced at sentencing. We strike the portion of condition 6 that prohibits the excessive use of intoxicants because it was not orally pronounced at sentencing. We affirm the balance of condition 6 as a precise definition of a general prohibition that need not be orally pronounced. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
Affirmed in part, portions of probation conditions stricken, and question certified.
DANAHY, A.C.J., and FULMER, J., concur.