THREADGILL, Chief Judge.
The appellant challenges his judgment and sentence for manslaughter with a weapon. We affirm the conviction in all respects. We affirm the sentence, but strike certain conditions of probation and community control that were not orally pronounced at sentencing.
The appellant challenges condition (4) contained in his probation and community control orders which provides: “[y]ou will neither possess, carry or own any weapons or firearm without first securing the consent of your Probation Officer.” He also challenges that portion of condition (6) that provides “[y]ou will not use intoxicants to excess.” Because the trial court failed to orally pronounce these conditions at sentencing, we strike that portion of condition (4) that prohibits the possession or ownership of any weapons, and that portion of condition (6) that prohibits the excessive use of intoxicants. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995). We affirm the portion of condition (4) that prohibits the appellant from possessing a firearm as a convicted felon. § 709.23, Fla.Stat. (1993). We strike the portion of condition (4) that implies a probation officer may consent to the appellant’s possession of a firearm. 651 So.2d at 114. We certify to the Florida Supreme Court as a matter of great public importance the question previously certified in Hart v. State, 651 So.2d 112,113 (Fla. 2d DCA 1995).
Affirmed; probation conditions stricken, and question certified.
PARKER and WHATLEY, JJ., concur.