658 So.2d 1028 (1995)
Laurie G. JUSTICE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-501.
District Court of Appeal of Florida, Fifth District.
March 3, 1995.
Order Granting Rehearing and Certifying Question July 21, 1995.
*1029 Terrence E. Kehoe, Law Offices of Terrence E. Kehoe, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
Order Granting En Banc Rehearing and Certifying Question July 21, 1995.
PER CURIAM.
The defendant's claims of error resulting in her judgment of conviction and the length of her sentence are rejected as lacking merit. Because the state has conceded that the written judgment contains several conditions of probation not orally announced, however, in line with Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993), we remand for resolution of the discrepancy between the record of the oral pronouncement and the written order. Finding that a discrepancy exists, however, does not mean that the judge cannot impose the unannounced conditions. It merely means that if the court intends to condition probation on the written conditions not previously orally announced, it should, at "resentencing," make this intention known to the defendant and give her an opportunity to reject probation.
AFFIRMED in part; REVERSED in part and REMANDED.
*1030 THOMPSON, J., concurs.
HARRIS, C.J., concurs and concurs specially with opinion.
GRIFFIN, J., dissents with opinion.
HARRIS, Chief Judge, concurring and concurring specially.
I concur in the majority but I write to respond to the dissent's contention that the trial court, upon remand, is powerless to impose conditions not announced at the original sentencing hearing but considered essential to probation at the time the judgment was entered. All courts agree that special conditions cannot survive appeal if the defendant has not had the opportunity to object to them. In such instances, the cause must be reversed and remanded because the defendant was not given the opportunity to challenge the special conditions of probation. We disagree, however, with other appellate courts on how the problem may be corrected. The other appellate courts merely remand with directions to the sentencing court to delete the unannounced conditions from the judgment; we, on the other hand, permit the trial court, if it so desires, to conduct a new sentencing hearing so that it may properly announce and impose any conditions that it feels appropriate.
Although it is important that we know what the other appellate courts do on the issues that come before us, it is even more important that we know why. As an equal, independent court charged with the responsibility of determining what the law is in this district, we owe it to our litigants to make an independent determination. Most often we agree with the other appellate courts. But if we disagree, we should say so and explain our position. The supreme court will resolve the conflict.
Those courts that require that the unannounced conditions be stricken from the judgment do so because the "oral controls over the written." But they have not explained why the trial court cannot cure the problem by resentencing. We start from the proposition that sentencing, so long as it is within the statutory maximums, has traditionally been the province of the trial court. This is also true of resentencing after remand. Certainly the resentencing may not be used to "punish" one for taking an appeal[1] nor may it be used (or abused) to avoid the consequences of statutory sentencing guidelines.[2] Neither is the case here. A sentence is not final until rendered  reduced to writing and filed with the clerk. Fla. R.App.P. 9.020(g). Before that time, there is no sentence to "add to" or modify. This distinguishes this case from Lippman v. State, 633 So.2d 1061 (Fla. 1994), and Clark v. State, 579 So.2d 109, 110 n. 3 (Fla. 1991).
The imposition of unannounced conditions in the written judgment does not punish the defendant for exercising any constitutional right. The only "right" affected is the defendant's "due process" right to have the special conditions of probation announced in open court so that objections can be made. Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). As the supreme court stated in Harris v. State, 645 So.2d 386, 388 (Fla. 1994): "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Failing to announce conditions does not create a "gotcha" situation in which a trial court, on reflection prior to entry of the judgment, is precluded from imposing conditions it deems necessary even if they were not previously announced at the sentencing hearing. It merely means that the defendant must be given an opportunity to make his or her objections of record before such conditions are valid. It would be preferable if it intends to impose previously unannounced conditions for the court to call the defendant back for a new sentencing hearing prior to signing the judgment. If the court does not properly announce its special conditions, we have no alternative but to reverse for resentencing. But even after reversal, sentencing remains the trial court's function and the determination of what conditions are necessary for probation, if properly announced, should be left to it.
*1031 The dissent follows the path the supreme court took in Pope v. State, 561 So.2d 554 (Fla. 1990), in which the court imposed a prophylactic rule to prevent "multiple appeals, multiple resentencings and unwarranted efforts to justify an original departure." Pope, 561 So.2d at 556. We believe that such prophylactic rules limiting the authority of the trial court should be used only in the most extreme situations. We do not see unannounced conditions of probation as a major source of appeals. And the requirement of resentencing itself, because of the trial court's heavy docket, encourages the trial court to get it right the first time. Further, we do not perceive the trial bench as resisting the requirement to orally announce special conditions. This appears to be a problem of oversight created by the volume of criminal sentencings. It might be, because of large dockets, the trial court will sometimes prefer to merely strike the unannounced condition rather than resentence. But the trial court should have the authority, if it so desires, to impose such conditions as it deems appropriate after conducting a new sentencing hearing which provides the defendant with his or her right to object to the special conditions.
GRIFFIN, Judge, dissenting.
I respectfully dissent.
The First, Second, and Fourth Districts all have held that a written order containing unannounced conditions of probation must be amended to conform to the oral pronouncement of judgment and sentence by striking the unannounced conditions. See, e.g., Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994); Christobal v. State, 598 So.2d 325 (Fla. 1st DCA 1992); Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993). The lower court is not free at a resentencing to simply add the previously unannounced conditions.
As I understand our prior case law, on which Cleveland v. State was grounded, this court contemplated the possibility that where there was a discrepancy between the record of the oral pronouncement and the judgment and sentence as written down, the error might have, in fact, resided in the record of the oral pronouncement. Harden v. State, 557 So.2d 926, 927 (Fla. 5th DCA 1990) (Cobb, J., concurring). Rather than mechanically apply the "oral prevails over the written" rule by ordering the written to conform to the oral, this court has preferred to send the matter back to the trial court to verify what was, in fact, orally pronounced. This procedure has no application in cases like this one, where the court has failed to announce multiple special conditions of probation that were later included in the written order.
Although the Florida Supreme Court has not considered a case such as this where the sentencing court attempted to add unannounced conditions of probation in the original written sentence, the court has clearly held that probation conditions cannot be added to an existing sentence, absent a finding of violation of probation. Lippman v. State, 633 So.2d 1061, 1063 (Fla. 1994). The addition of conditions of probation is as impermissible as any other enhancement of a previously announced sentence. Id. Just as the lower court cannot later add probation to an announced sentence, it cannot later add a condition of probation.[1] The court has explained *1032 that the sentencing court is authorized only to modify "theretofore imposed" terms. Clark v. State, 579 So.2d 109, 110 n. 3 (Fla. 1991).
An order of probation, like any other aspect of sentencing, ought not to be a sort of work in progress that the trial court can add to or subtract from at will so long as he or she brings the defendant back in and informs the defendant of the changes. To permit this would mean a lack of finality for no good reason and multiple appeals. It is not too much to ask of a sentencing judge to decide on and recite the special conditions of probation at the sentencing hearing, just as he does the balance of the sentence. If the court has omitted a condition it wishes it had imposed, its chance has passed unless the defendant violates probation.
I would follow the other districts and require the striking of unannounced special conditions of probation.

ON MOTION FOR REHEARING EN BANC AND CERTIFICATION
HARRIS, Chief Judge.
We grant appellant's Motion for En banc Rehearing and Certification.
Even though the original panel reversed her sentence, Laurie Justice, takes issue with that portion of the original opinion that remanded the matter back to the trial court for resentencing rather than merely directing that the previously unannounced conditions of probation be stricken. Because our practice is different from that of the other district courts, we agree that the issue should be certified to the supreme court.[1]
The issue, quite simply, is whether the trial court, after conducting the sentencing hearing, may thereafter add previously unannounced conditions of probation in its written judgment if it calls the defendant back into court to be advised of the new conditions before such written judgment is entered. We hold that the trial court has that authority.
Due to extremely heavy criminal case loads and constant pressure of time standards, trial judges often schedule several sentencing hearings during the same block of time. Appellate issues rarely occur because of this procedure. However, on occasion and after additional reflection afforded by the delay between the sentencing hearing and the preparation of the written judgment, a trial court may conclude that, in order for probation to have a reasonable chance to succeed, conditions other than those previously orally announced must be imposed. Such was the case here.[2]
It is appellant's position that, having successfully run the gauntlet at oral sentencing, she now enjoys immunity from corrective action even though the "sentence" has not been rendered and thus has not yet begun to run. This position is based on a principle of law which this court and all of the other appellate courts in this state recognize: that the "oral pronouncement of sentence prevails over the written order" when there is a *1033 conflict.[3] This principle is based on due process concerns. As the court explained in Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992), special conditions of probation must be pronounced in open court so that the defendant will know the conditions and have an opportunity to object to them.
But Olvey does not explain why the oral pronouncement itself cannot be timely corrected. We know of no reason  be it based on a constitutional provision, a statute, a rule or precedent  that would prohibit a trial court from calling the defendant back into court to correct a previous sentence before the judgment of sentence is made final by the rendition of a valid written order and thus before the "sentence" is commenced. Due process concerns are satisfied because the defendant will then "know" of the added conditions and will have the same opportunity to object that he would have had if the conditions had been announced at his original sentencing. Further, his appeal period will not begin to run until the "corrected" sentence is reduced to writing and filed.
We start from the proposition that sentencing has traditionally been the exclusive province of the trial court and its sentence will not be disturbed so long as it is within the statutory maximums and otherwise comports with the requirements of law. This also should be true of resentencing after remand. Certainly the resentencing may not be used to "punish" one for taking an appeal;[4] nor may it be used (or abused) to avoid the consequences of statutory sentencing guidelines.[5] Neither is the case here. A sentence is not final until rendered  reduced to writing and filed with the clerk. Before that time, there is no legal sentence to add to or modify. The fact that this sentence had not been rendered at the time the new conditions were added distinguishes this case from Lippman v. State, 633 So.2d 1061 (Fla. 1994), and Clark v. State, 579 So.2d 109, 110 n. 3 (Fla. 1991).
Nor does the imposition of previously unannounced conditions punish the defendant for exercising any constitutional right. The only "right" affected is the defendant's "due process" right to have the special conditions of probation announced in open court so that objections can be made. Olvey, supra. As the supreme court stated in Harris v. State, 645 So.2d 386, 388 (Fla. 1994): "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Failing to pronounce conditions should not create a "gotcha" situation in which a trial court is precluded from imposing conditions it later, upon reflection, deems necessary merely because they were not previously pronounced at the sentencing hearing. It simply means that the defendant must be given an opportunity to make his or her objections of record before such conditions can be validly imposed. Therefore, if the court intends to impose previously unannounced conditions, it must call the defendant back into court for a new sentencing hearing prior to signing the judgment. If the court fails to do so, we have no alternative but to reverse for resentencing. But even after reversal, sentencing remains the trial court's function, and the determination of what conditions are necessary for probation, if properly pronounced, should be left to it.
Appellant urges us to follow the path taken by the supreme court in Pope v. State, 561 So.2d 554, 556 (Fla. 1990), in which the court imposed a prophylactic rule to prevent "multiple appeals, multiple resentencings and unwarranted efforts to justify an original departure." We believe that such prophylactic rules which limit the authority of the trial court should be used only in the most extreme situations. We do not see the imposition of unannounced conditions of probation as a major source of appeals.[6] And the *1034 requirement of resentencing itself, because of the trial court's heavy docket, encourages the court to get it right the first time. Further, we do not perceive the trial bench as resisting the requirement to orally pronounce special conditions. Rather, this appears to be a problem of oversight created by the volume of criminal sentencings. It might be, because of large dockets, the trial court will sometimes prefer merely to strike the unannounced condition rather than resentence. But the trial court should have the authority, if it so desires, to impose such conditions as it deems appropriate after conducting a new sentencing hearing which provides the defendant with his or her due process right to object to the special conditions.
We therefore reject appellant's contention that she has a "right" to expect that her sentence, once orally pronounced, will be final and unchangeable. We are unaware of any such right and are unwilling to establish one in this case.
The defendant's only "right" at resentencing is to be sentenced within the statutory maximum and in accordance with the law. If these added conditions are contrary to the law (as they may well be), the defendant can object to them and appeal on that basis. If they are merely unacceptable to her, she may wish to reject probation. In any event, by requiring that the special conditions be announced in open court, the defendant will have the opportunity due process requires.
We agree that the cause must be reversed because these options were not given the defendant in this case. We hold, however, that on remand the trial court is free to impose such conditions as are appropriate so long as it pronounces such conditions at a new sentencing hearing.
We certify the following question:
WHERE A SENTENCE IS REVERSED BECAUSE THE TRIAL COURT FAILED TO ORALLY PRONOUNCE CERTAIN SPECIAL CONDITIONS OF PROBATION WHICH LATER APPEARED IN THE WRITTEN SENTENCE, MUST THE COURT SIMPLY STRIKE THE UNANNOUNCED CONDITIONS, OR MAY THE COURT ELECT TO "REIMPOSE" THOSE CONDITIONS AT RESENTENCING?
PETERSON, C.J., DAUKSCH, COBB, W. SHARP, GOSHORN, and THOMPSON, JJ., concur.
GRIFFIN, J., dissents, with opinion.
GRIFFIN, Judge, dissenting.
Our court's approach to a lower court's error in imposing written conditions of probation not orally announced is unique. The First, Second and Fourth Districts all have consistently held that where a defendant appeals a written order containing unannounced special conditions of probation, the order must be amended to conform to the oral pronouncement of judgment and sentence by striking the unannounced conditions. See, e.g., Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994); Christobal v. State, 598 So.2d 325 (Fla. 1st DCA 1992); Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993).[1] The lower court is not free at a sentencing to add the previously unannounced conditions.
Alone among the districts, under our prior decision in Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993), this court would vacate the sentence but would remand for the trial court to resolve the discrepancy between the oral pronouncement and the written order. If the lower court had "intended" to impose the written conditions that it had never orally announced, the court, on remand, could simply add these missing conditions.
As is reflected in prior case law of this court on which Cleveland v. State was grounded, this court contemplated the possibility *1035 that where there was a discrepancy between the record of the oral pronouncement and the judgment and sentence as written down, the error might have, in fact, resided in the record of the oral pronouncement. Harden v. State, 557 So.2d 926, 927 (Fla. 5th DCA 1990) (Cobb, J., concurring). Rather than mechanically apply the "oral prevails over the written" rule, by ordering the written to conform to the oral, this court has preferred to send the matter back to the trial court to verify what was, in fact, orally pronounced. This notion was quickly expanded, however, to provide that where there existed some unexplained conflict between the written sentence and the oral pronouncement, the lower court would be permitted to impose what it "intended" to pronounce even if it were not what was, in fact, pronounced.[2]See, e.g., Whitfield v. State, 569 So.2d 528 (Fla. 5th DCA 1990).
Even at its most expansive, however, the underlying rationale of this prior case law has no application to the situation presented here. Here, there is no reasonable possibility either that the sentencing proceeding record erroneously failed to report the oral pronouncement of multiple special conditions of probation or that there is a "conflict" between the oral pronouncement and the written sentence. The special conditions simply were not pronounced at sentencing.[3]
The majority seems to suggest that a lower court has the unfettered power to alter sentences up until the moment the judgment and sentence are "rendered," i.e. signed and filed, by the simple expedient of calling the defendant back in and changing the sentence. Dubious as that proposition is, it is not what happened here. Here the trial court never called the defendant back to pronounce the originally omitted conditions of probation before the judgment and sentence were rendered, before appellant began to serve the sentence or before the appeal was filed. The issue here is whether unannounced conditions that were properly struck on appeal because they had not been orally pronounced can be added, on remand, by invoking our "discrepancy" case law.
The definition of "sentence" in Florida found in Florida Rule of Criminal Procedure 3.700(a)(b) is:
(a) Sentence Defined. The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty [emphasis supplied].
The written sentence is merely a record of the actual sentence pronounced in open court. Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982).
The Florida Supreme Court has not considered a case such as this where the sentencing court has attempted to include in the original written sentence conditions of probation that were not announced, but the court has held that probation conditions cannot be added to an existing sentence, absent a finding of violation of probation. Lippman v. State, 633 So.2d 1061, 1063 (Fla. 1994). The addition of conditions of probation is as impermissible as any other augmentation of a previously announced sentence. Id. It seems to follow that, just as the lower court could not later add probation to an announced sentence of a term of years, or increase the number of years of probation, it cannot later add a condition of probation. The court has explained that the sentencing court is authorized only to modify "theretofore imposed" terms. Clark v. State, 579 So.2d 109, 110 n. 3 (Fla. 1991). Consistent with these pronouncements of the high court, our sister district courts of appeal have correctly ordered stricken on appeal any special condition of probation not orally pronounced.
An order of probation, like any other aspect of sentencing, ought not be a work in progress that the trial court can add to or subtract from at will so long as he or she brings the defendant back in and informs the defendant of the changes. To permit this would mean a lack of finality for no good *1036 reason and multiple appeals. See Pope v. State, 561 So.2d 554 (Fla. 1990). It is not too much to ask of a sentencing judge to decide on and recite the special conditions of probation at the sentencing hearing, just as is done with the balance of the sentence. If the court has omitted a condition it wishes it had imposed, its chance has passed unless the defendant violates probation. Even if the majority is correct that the sentencing judge can keep resentencing the defendant by bringing him back in and changing the sentence until he actually renders it by signing and filing it, surely the failure to do so by the time of rendition brings this opportunity to an end.
The majority posits that this case illustrates why the trial court ought to have the ability to add additional conditions of probation after the sentencing hearing  that during the time of "additional reflection afforded by the delay between the sentencing hearing and the preparation of the written judgment, a trial court may conclude that, in order for probation to have a reasonable chance to succeed, conditions other than those previously orally announced must be imposed." Whatever may be the justification for a delay in rendering the sentence, in fact, this case illustrates the opposite. Here, the initially imposed conditions were valid and relevant; it is the non-standard conditions contained in the written order that are almost entirely invalid. See Biller v. State, 618 So.2d 734 (Fla. 1993).
Laurie Justice was the founder of God's Love Center, a mission established to help needy people in Lake County by providing emergency aid, called "outreach," consisting primarily of food and clothing. It was a small operation, partly financed by Justice, through an inheritance she had received, and by her husband. The by-laws of the Center, however, required two signatures for any expenditure over $65. Laurie Justice wrote two checks from the Center bank account to the City of Mount Dora to pay her home electric bill because the City was threatening to turn off her power. When she was unable to contact another authorized signatory to obtain the second signature, she forged the signature of another board member. Forgery of the signatures on those two checks is the crime for which she was prosecuted and convicted.
Initially, the trial court orally imposed only two probation conditions  that Justice pay certain costs and that she not have a checking account. Also contained in the written order, however, are special conditions such as a prohibition against the possession of "any weapon" and a prohibition against using "intoxicants to excess." Far from illustrating the beneficial effect of allowing the trial court time for reflection to improve on their probationary scheme, this case appears, instead, to illustrate that it can, and in this case did, have the opposite effect.[4] If these later conditions[5] were not subject to being stricken for the reason we have already held, they should have been stricken anyway. Biller. I would simply strike any unannounced special conditions of probation.
NOTES
[1] North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[2] Pope v. State, 561 So.2d 554 (Fla. 1990).
[1] I add this footnote to respond to two points made by Judge Harris in his special concurrence. First, as to his twin contentions that a sentence does not exist and/or is not "final" until the written judgment, the definition of rendition for appeal purposes is not relevant to the issue before us. There most certainly is a sentence before a written judgment. Indeed, the very definition of "sentence" in Florida, first by statute and, for the last twenty-five years, by Florida Rule of Criminal Procedure 3.700(a)(b) is:

(a) Sentence Defined. The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty. [Emphasis supplied.]
The written sentence is merely a record of the actual sentence pronounced in open court. Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). That is "why" the other appellate courts of this state do what they do on this issue. Second, although I'm not sure how important it is to the debate, I take issue with the statement that the addition of unannounced conditions of probation is not a major source of appeals. It is and has been for several years. A few recent examples are: Willis v. State, 640 So.2d 1188 (Fla. 5th DCA 1994); Sweet v. State, 644 So.2d 176 (Fla. 5th DCA 1994); Jamail v. State, 637 So.2d 362 (Fla. 1st DCA 1994); Peterson v. State, 645 So.2d 84 (Fla. 2d DCA 1994); Chicone v. State, 644 So.2d 532 (Fla. 5th DCA 1994), review denied, 651 So.2d 1192 (Fla. 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Lots of older examples are interspersed with the other "oral over written" cases at West's key number "Criminal Law" 995(8).
[1] We recognize that the other appellate courts, apparently without considering whether the trial court should have the option to resentence and properly add previously unannounced conditions, have merely remanded with directions that the sentencing court delete the unannounced conditions from the judgment. We think it is preferable to give the trial court the option to conduct a new sentencing hearing so that it may properly announce and impose any conditions that it deems appropriate.
[2] It may well be that the new conditions added in this case are invalid as not being sufficiently related to the crimes for which Justice was convicted. But suppose this was a case involving sexual abuse of a child in which the court forgot at the sentencing hearing to condition a probationary portion of the sentence on the defendant's undergoing counseling or avoiding contact with the victim or other children. Should it be precluded thereafter from adding these conditions? If the judge imposes previously unannounced conditions upon resentencing, then such conditions may be attacked the same as had they been pronounced at the original sentencing hearing.
[3] Here there is no conflict in the sense that the later conditions alter or conflict with earlier announced conditions. The only "conflict" is that the new conditions simply were not mentioned at the sentencing hearing.
[4] North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[5] Pope v. State, 561 So.2d 554 (Fla. 1990).
[6] When we consider that there were 15,858 appeals filed in our intermediate appellate courts during the year 1994, the very few cases involving this issue show that this problem does not greatly impact the courts.
[1] See also Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Peterson v. State, 645 So.2d 84 (Fla. 2d DCA 1994); Chicone v. State, 644 So.2d 532 (Fla. 5th DCA 1994), review denied, 651 So.2d 1192 (Fla. 1995); Sweet v. State, 644 So.2d 176 (Fla. 5th DCA 1994); Willis v. State, 640 So.2d 1188 (Fla. 5th DCA 1994); Jamail v. State, 637 So.2d 362 (Fla. 1st DCA 1994); Skiff v. State, 627 So.2d 614 (Fla. 4th DCA 1993). By now, these cases appear so frequently in Florida Law Weekly that no effort has been made to catalogue them all.
[2] Also, this court's treatment of such cases has not been entirely consistent. See Lowell v. State, 649 So.2d 364 (Fla. 5th DCA 1995); Macon v. State, 639 So.2d 206 (Fla. 5th DCA 1994).
[3] The State implicitly concedes in its brief that the conditions at issue are "special" conditions that were not orally announced.
[4] Truth to tell, what almost certainly happened in this case is that the trial judge simply entered the local form order without considering whether its "standard" conditions were, in fact, non-standard. To some extent, this case presents a problem like the one discussed in Hart v. State, 651 So.2d 112 (Fla. 2d DCA), review granted, No. 85,168, ___ So.2d ___ (Fla. June 22, 1995).
[5] Other special conditions include a requirement to submit to a warrantless search of her person, residence or property; a requirement that she undergo drug testing at her expense and participate in a drug treatment program as directed by the probation officer; and payment of $1 for each month of supervision to First Step, Inc.