663 So.2d 1343 (1995)
Jeffrey VASQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1732.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
*1345 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant, Jeffrey Vasquez (defendant), appeals his conviction for possession of cocaine and sentence of one year of drug offender probation followed by three years of probation. We address only his contention that certain probation conditions should be stricken because the trial court did not orally announce the conditions upon sentencing. In all other respects, we affirm.
Defendant challenges two conditions of both the one-year drug offender probationary period and the three-year probationary period which state:
You will neither possess, carry or own any firearms, and you will not possess, carry or own any weapons without first procuring the consent of your Officer.
You will observe a curfew from 10:00 p.m. to 6:00 a.m. daily, unless given specific permission by your Officer to leave your approved place or residence.
Additionally, he challenges another two conditions relating solely to the one-year period of drug probation which state:
You will undergo substance abuse treatment and/or education as directed by your Officer, and at your own expense, which may include residential treatment, if deemed appropriate by your officer.
You will report to your Officer daily if not employed full-time or a full-time student.
The state concedes error because the challenged conditions were not orally pronounced at the sentencing hearing. Notwithstanding the state's concession of error, we write because of the recent number of appeals seen in this court concerning the trial court's failure to orally pronounce conditions of probation at the time of sentencing which are then contained in the written conditions signed by the trial court. Apparently this problem is shared by the second district. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), review granted, 659 So.2d 1089 (Fla. 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). A brief overview of the law on this subject may be helpful in sorting out the confusion between those conditions which must be orally pronounced and those which need not.

RATIONALE FOR ORAL PRONOUNCEMENT
The requirement that special conditions of probation must be pronounced in open court at the time of sentencing is apparently derived from the requirement of Florida Rule of Criminal Procedure 3.700(b), which mandates that the sentence or other final disposition "shall be pronounced in open court." See generally Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). The written sentence is considered merely a record of the actual sentence pronounced in open court. See Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982).
Our supreme court has never directly ruled on the issue of whether Florida Rule of Criminal Procedure 3.700 mandates oral pronouncement of conditions of probation. Nonetheless, application of the mandatory dictates of rule 3.700 to conditions of probation is logically consistent with the recent holdings of the supreme court in which it has concluded that probation should be considered to be some type of criminal sentence. In Lippman v. State, 633 So.2d 1061 (Fla. 1994), our supreme court held that because probation is a sentence, additional more restrictive conditions of probation could not be imposed without violating double jeopardy because the additional conditions enhanced the terms. In Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991), the supreme court held that probation is a sentence in Florida, and in Poore v. State, 531 So.2d 161, 164 (Fla. 1988), probation was characterized as one of the "five basic sentencing alternatives."[1]
*1346 Further justifying the application of rule 3.700 to conditions of probation is that the imposition of special conditions of probation also implicates a defendant's due process rights. As noted in Olvey:
When the trial court does not pronounce a special condition in open court, the defendant has no meaningful opportunity to object to the condition at sentencing. Although a defendant may frequently be informed of an unannounced special condition of probation by a probation officer after sentencing, it would be impractical, if not impossible, to expect the defendant's attorney to preserve this error in the short time following sentencing and prior to appeal.
609 So.2d at 643.

CONFUSION OVER CONDITIONS REQUIRING ORAL PRONOUNCEMENT
Despite the general principle concerning oral pronouncement, it has been well-settled that conditions of probation which are authorized by statute, specifically including conditions of probation enumerated in section 948.03, Florida Statutes (1993), may be included in a written order without being orally pronounced at sentencing. Hart, 651 So.2d at 113; Nank, 646 So.2d at 763; Zeigler v. State, 647 So.2d 272, 273 (Fla. 4th DCA 1994); Cumbie v. State, 597 So.2d 946, 947 (Fla. 1st DCA 1992); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). The legal rationale for this exception to the general rule has been stated to be that statutes provide constructive notice of their subject matter and that such notice, together with the opportunity to be heard and raise any objections at a sentencing hearing, is sufficient to satisfy the requirements of procedural due process. See Tillman; Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla. 1991). See also State v. Beasley, 580 So.2d 139 (Fla. 1991). This exception has been narrowly construed, thus making most conditions subject to the requirement of oral pronouncement.
We note that our supreme court recently promulgated a form order of probation, see In re Amendments to the Florida Rules of Criminal Procedure  Rules 3.140 and 3.986, 603 So.2d 1144 (Fla. 1992), which sets forth eleven conditions of probation. Also included are other conditions labeled as "special conditions" which can be checked off or filled in, with space for "additional conditions as necessary." A comparison between the form order and section 948.03 reveals that some, but not all, of the conditions in the form order are duplicative of the statutory conditions.
Judge Blue has opined in Hart that the promulgation of this form by the supreme court, together with the requirement in the rule that trial courts utilize the form, may have led trial courts to assume that those "general conditions" contained in the approved probation form order in rule 3.986 need not be orally pronounced to be valid. Questioning whether appellate courts were too strictly defining "general conditions" as only those contained in statutes, the second district in Hart, 651 So.2d at 113, and again in Emond v. State, 652 So.2d 419, 420 (Fla. 2d DCA 1995), has certified the question of whether the promulgation of the form order by the supreme court constitutes "sufficient notice to probationers of conditions 1-11 [of the form order] such that oral pronouncement of these conditions by the trial court is unnecessary."
To compound the confusion over which conditions should be orally pronounced, different circuits within our district, although utilizing pre-printed written forms, may not necessarily utilize the form contained in rule 3.986. While rule 3.986 provides that the promulgated forms "shall be used by all courts," it also provides that variations do not void a judgment. Nevertheless, variations from the rule 3.986 probation form order cause an additional notice problem if the conditions listed therein are not pronounced at the time of sentencing or provided to the defendant prior to sentencing to allow for an *1347 objection to be interposed. In this case, although the form for the three-year probationary period tracks the language of the rule 3.986 probation form order, the form for drug offender probation contains several additional "general" conditions not included in the rule 3.986 form.
The use of the term "general conditions" to refer to those conditions which do not require oral pronouncement may also have contributed to the confusion as to which conditions require oral pronouncement and which do not. The statutory conditions which need not be orally pronounced have alternatively been labeled as either "standard," see, e.g., Cumbie, or as "general" conditions, see Hart. "Standard" conditions have referred to those conditions of probation enumerated in section 948.03, while "general" conditions include conditions contained or derived from statutes such as those dealing with firearms. Hart.
The term "general conditions" has been utilized in yet another context by our supreme court, referring to those conditions not susceptible to a relevancy challenge on a case by case basis because they are "imposed upon most, if not all, probationers" and are "broadly directed toward supervision and rehabilitation." Biller v. State, 618 So.2d 734, 735 n. 1 (Fla. 1993). The term "general conditions" in this context has a broader meaning than when the term "general conditions" is used to refer to those conditions which are statutorily-based and need not be orally pronounced to be valid conditions.
Until our supreme court rules on the certified question from the second district in Hart and Emond, we continue to adhere to the general principle that all conditions of probation must be orally pronounced at the time of sentencing unless the conditions are statutorily-authorized pursuant to section 948.03 or otherwise based on a Florida statute which will provide the defendant with constructive notice.

POSSESSION OF FIREARM/WEAPON
The first challenged written condition in this case to which defendant objects as not being orally pronounced, which is nearly identical to that contained in the rule 3.986 probation form order, is the condition that "[y]ou will neither possess, carry or own any firearms, and you will not possess carry or own any weapons without first procuring the consent of your Officer."[2] Because the condition is written in the conjunctive, rather than in the disjunctive, the condition does not improperly imply that a convicted felon may possess a firearm with his probation officer's permission. Compare, e.g., Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995); Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994).
Possession of a firearm by a convicted felon is statutorily-prohibited. See § 790.23, Fla. Stat. (1993). Therefore the portion of this condition which prohibits defendant, a convicted felon, from owning or possessing a firearm, should be affirmed and does not require that we strike it. See Hart; Shaddix v. State, 599 So.2d 269 (Fla. 1st DCA 1992).
In Shacraha v. State, 635 So.2d 1051, 1052 (Fla. 4th DCA 1994), we stated that only those standard conditions of probation which are listed in section 948.03 may be included in the written order without being orally pronounced. The issue before us in Shacraha, however, did not require us to determine whether conditions based on a statute, such as the statute relating to possession of a firearm by a convicted felon, must be orally pronounced to be a valid condition. We agree with the result reached in Nank and Hart that statutorily-based conditions which require compliance with Florida statutes do not necessarily need to be orally pronounced to constitute valid conditions of probation.
We must, however, strike that portion of this condition which prohibits the possession or ownership of any weapon, as opposed to a firearm, without permission of the probation officer; the limitation regarding *1348 weapons exceeds the scope of the firearms statute and it was not orally pronounced at sentencing. Hart; Washington v. State, 658 So.2d 538 (Fla. 4th DCA), quashed on other grounds, 657 So.2d 1156 (Fla. 1995). But see Emond. This part of the condition is identical to condition 4 in the rule 3.986 probation form order and thus, if the supreme court answers the second district's certified question in the affirmative, this part of the condition would not have to be orally pronounced. Furthermore, to the extent that this provision might be read to imply that a probation officer may consent to the possession of weapons such as an electronic weapon or concealed weapon, expressly prohibited by section 790.23, Florida Statutes, such construction would be contrary to law.[3]

CURFEW
Condition 9 in defendant's one-year drug written probation order and condition 13 in his three-year written probation order establish a 10:00 p.m. to 6:00 a.m. curfew. There was no mention of a curfew at defendant's sentencing hearing; the requirement of a curfew is neither part of the statutory conditions nor is it contained in rule 3.986. Accordingly, we strike these two special conditions because they were not orally pronounced at sentencing. See Reed v. State, 652 So.2d 912 (Fla. 2d DCA 1995) (probation condition for defendant convicted of being felon in possession of firearm, which imposed 9:00 p.m. curfew, would be stricken, as it constituted a special condition not orally pronounced at sentencing); Zachary v. State, 559 So.2d 105 (Fla. 2d DCA 1990) (written probation order could not establish 11:00 p.m. curfew when there was no mention of curfew at defendant's sentencing hearing).

DRUG ABUSE TREATMENT
The next two challenged conditions are included only in defendant's drug offender probation. Condition 11 requires defendant undergo substance abuse treatment and/or education as directed by his probation officer. This condition is distinct from the statutory condition of probation section 948.03(1)(j)(1), which authorizes random testing. It is also a more stringent condition than those requiring probationers to submit to drug and alcohol evaluation that have been deemed special conditions which must be orally pronounced. See Nank; Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
We consider this condition to be a special condition of probation not otherwise statutorily authorized, although a logical and necessary condition of drug offender rehabilitation.[4] While the rule 3.986 probation form order includes a similar provision as an optional "special condition," the provision is specifically not included in the general conditions portion of the form and in this case, is not listed as either a general or special condition of the three-year probationary period. We conclude that the inclusion of this special condition of probation that was not orally pronounced at sentencing mandates that we strike the condition. Compare Hart, 651 So.2d at 113-14 (affirming a similar condition because it was orally pronounced).

*1349 DAILY REPORTING
Finally, condition 12, contained in the written order of drug probation, requires defendant to report to his probation officer daily if not employed full time or a full-time student. This condition, while part of the form utilized by the trial court for drug offender probation, is also not contained in the rule 3.986 probation form order. Although section 948.03(1)(a) requires a probationer to report to the probation officer "as directed," we cannot construe this strict requirement of daily reporting as simply a more precise definition of a standard condition of probation which need not be orally pronounced. Compare Zeigler; Nank; Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). It is certainly the type of special condition of which defendant should have been informed at the time of sentencing.

THE COURT'S COLLOQUY
Here, the failure to outline any of the above conditions of probation to which defendant would be subjected is highlighted by what the trial court did state to defendant during sentencing:
THE COURT: When I place somebody on probation and they don't make it, your lawyer will tell you I'll .. I'll just put them away ... You violate any material aspect of your probation and we're gonna' have a hearing and you're gone, do you understand that?
MR. VASQUEZ: Yes Sir.
THE COURT: Now you are gonna' have to get a drug evaluation, do you understand that?
MR. VASQUEZ: Yes.
THE COURT: You will submit to periodic urine tests, do you understand that?
MR. VASQUEZ: Yes sir.
THE COURT: I'm gonna' tell woe be unto you if it comes back positive. All right, place you on four years probation, Department of Corrections, the drug offender probation, calling for a random urinalysis and evaluation counseling.

CONCLUSION
While the trial court did emphatically warn defendant of random urinalysis and evaluation counseling, it failed to inform him of the other challenged conditions requiring a strict curfew, daily reporting and substance abuse treatment at the direction of the probation officer. To comply with the requirement that special conditions of probation be orally pronounced, trial courts must inform the defendant in open court of the "substance of each special condition in a manner sufficient to give the defendant an opportunity to object at that time to any condition which the defendant believes is inappropriate." Olvey, 609 So.2d at 643. This will also provide the defendant with the opportunity to inform the court of any condition he or she deems too onerous or impossible to fulfill.
We understand that to require that special conditions of probation be orally pronounced and to provide defendants with an opportunity to object is a "time-consuming process which must seem both endless and meaningless to the trial court." Id. at 642. As was suggested by the second district in Olvey, we also would encourage trial courts, state attorneys and defense attorneys "to consider methods to impose meaningful probation and community control consistent with due process, but without testing the endurance of the trial judge's vocal cords in each and every case." Id.
While the state urges us to remand for resentencing, our district, along with the first and second districts, but contrary to the fifth district, has consistently stricken unannounced conditions appearing only in the written order but not orally pronounced. We have not set forth the reasons for our past practice. We must assume that it flows from the rationale that because the written sentence is merely a record of the actual sentence announced in open court, see Kelly v. State, 414 So.2d at 1117, when the written order conflicts with the oral pronouncement, the oral pronouncement prevails.
In earlier cases from our district, we have consistently held that the general rule is that the written order must conform to the oral pronouncement as mandated by rule 3.700 because the written sentence is merely the record of the actual sentence pronounced in open court. In Kelly, we held that the mandatory *1350 minimum sentence orally pronounced but not incorporated in the written sentence was a valid part of the sentence because the written sentence is merely a record of the actual sentence pronounced in open court. In Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987), in recognition of this principle, we struck the imposition of costs which were not orally pronounced. In Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994), where the trial court had orally ordered costs be waived for 90 days from the date of release from prison, but the written order excluded that provision, the state conceded the written order must conform to the oral pronouncement pursuant to rule 3.700.
The fifth district has recently certified the question of whether, after a sentence is reversed because the trial court failed to orally pronounce conditions of probation, the trial court on remand must strike the unannounced conditions or may elect to "reimpose" them. Justice v. State, 658 So.2d 1028 (Fla. 5th DCA 1995). The majority reasoned that the failure to orally pronounce special conditions of probation "appears to be a problem of oversight created by the volume of criminal sentencings." Id. The majority was troubled that:
Failing to pronounce conditions should not create a "gotcha" situation in which a trial court is precluded from imposing conditions it later, upon reflection, deems necessary merely because they were not previously pronounced at the sentencing hearing.
Because the reason for oral pronouncement of conditions of probation is founded on due process concerns, Olvey, the fifth district saw no reason why the oral pronouncement cannot be timely corrected.
However, in addition to the fact that rule 3.700 has routinely been applied to require that the oral pronouncement constitutes the sentence prevailing over the written sentence, there is also another consideration which we have not previously addressed  whether there are double jeopardy implications to our remanding to allow the trial court to add additional conditions to the original sentence of probation. In Lippman, 633 So.2d at 1063, while not addressing whether the sentencing court is prohibited from including additional conditions of probation into the original written sentence, our supreme court held that additional probation conditions cannot be added to an existing sentence. The supreme court concluded that:
[T]he double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation. See Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991) (finding that extension of probationary period at subsequent restitution hearing when sentence already imposed at earlier sentencing hearing violated double jeopardy).
Section 948.06, Florida Statutes (1987), "provides the sole means by which the court may place additional terms on a previously entered order of probation or community control." Clark v. State, 579 So.2d 109, 110 (Fla. 1991).
The additional conditions which the trial court added were more restrictive and thus had the effect of enhancing the terms of probation in violation of the double jeopardy protection.
In this case, the omitted conditions which were added to the written sentence included daily reporting and undergoing substance abuse treatment at the request of the probation order  conditions clearly more onerous and restrictive than those pronounced orally. Even though we recognize that the failure to pronounce the conditions may have been an oversight caused by confusion as to which conditions must be orally pronounced, we do not find that either existing case law or the rules of criminal procedure authorize us to remand for resentencing.
Accordingly, we strike all challenged conditions with the exception of the part of the condition prohibiting defendant from carrying a firearm. We also certify conflict with Justice.
AFFIRMED IN PART; REVERSED IN PART.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] But see Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107, 1110-11 (Fla. 1980), modified sub nom. Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986), wherein Justice Sundberg explained that a sentence and probation are discrete concepts, with probation an alternative to a sentence. However, Justice Overton, in a special concurrence, noted that Florida Rules of Criminal Procedure 3.700 through 3.721 do not apply only when a "sentence of imprisonment" is imposed, but also apply when a "sentence of probation" is imposed. Id. at 1112.
[2] Condition 4 in the rule 3.986 probation form order reads, "You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer." The only difference is that the order utilized in this case uses the conjunction "and" between the two sentences. We do not perceive that this changes the meaning of the condition.
[3] While it may be argued that a convicted felon is also prohibited from carrying "any weapon" under section 790.23 of the Florida Statutes (1993), the statute, by its express terms, only makes it unlawful for any person convicted of a felony to own, possess, or have in his care, custody, or control any firearm, electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices. Different subsections of section 790.001, Florida Statutes (1993), define differently the terms "firearm," see 790.001(6), "electronic weapon or device," see 790.001(14), "concealed weapon," see 790.001(3)(a), and "weapon," see 790.001(13).
[4] We note that section 948.01(13) of the Florida Statutes (1993) authorizes a trial court, in sentencing a defendant who is a chronic substance abuser and whose criminal conduct is a violation of chapter 893, to stay and withhold imposition of sentence and place the defendant on "drug offender probation." Pursuant to section 948.034, specific terms and conditions of drug offender probation for a term of not less than eighteen months or not less than twenty-four months are set forth. Defendant apparently was not sentenced under this section and neither side has raised the issue as to whether the requirement of treatment is a statutory condition of defendant's drug offender probation. Because of the length of the probation, we presume he was not.