667 So.2d 874 (1996)
Charles BURDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2553.
District Court of Appeal of Florida, Third District.
January 31, 1996.
Bennett H. Brummer, Public Defender and Suzanne M. Froix, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Paul M. Gayle-Smith, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
The defendant, Charles Burdo, appeals from his orders of community control and probation. We affirm, in part, and reverse, in part.
The defendant challenges the following two conditions contained in the orders of community control and probation: "(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, *875 dispensed or used," and "(13) You will maintain an hourly accounting on a daily log which you will submit to your Community Control Officer upon request." The defendant contends that these are "special conditions," and therefore, since the trial court improperly failed to orally pronounce them at the sentencing hearing, they must be stricken. We agree, in part.
In Hart v. State, 651 So.2d 112, 113 (Fla. 2d DCA), review granted, 659 So.2d 1089 (Fla.1995), the Second District held that "the only `general conditions' are those contained within the statutes." The Hart court further explained that although the trial courts have apparently mistakenly assumed that "general conditions" include all those contained in the approved probation order in rule 3.986, Florida Rules of Criminal Procedure, it has repeatedly held that those, not contained in the statutes, are still considered "special conditions" that must be orally pronounced. Hart, 651 So.2d at 113. Like the Fourth and Fifth Districts, we adopt the Hart court's rationale, while we await the Supreme Court's answer to the question of great public importance that was certified in Hart:
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM "ORDER OF PROBATION" IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
Hart, 651 So.2d at 113. See also, Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995); McClendon v. State, 659 So.2d 718, 720 (Fla. 5th DCA 1995).
That portion of Condition (6) that prohibits the defendant from visiting places where certain substances are unlawfully sold, dispensed, or used "is valid as a more precise defining of conduct prohibited under section 948.03(1)(i), Florida Statutes (1991), which states as an accepted condition of probation that an offender may `not associate with persons engaged in criminal activities.'" Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Because this is a general condition that is valid, it need not have been pronounced in open court. Tomlinson v. State, 645 So.2d at 1. However, the remaining portion of the condition prohibiting the defendant from using intoxicants to excess is a special condition that is invalid if not announced in open court. Tomlinson v. State, 645 So.2d at 1-2. With regard to Condition (13) that the defendant must maintain an hourly accounting of all activities on a daily log, this is a special condition that must also be orally announced in open court. Curry v. State, 656 So.2d 521, 522 (Fla. 2d DCA 1995); Vinyard v. State, 586 So.2d 1301, 1303 (Fla. 2d DCA 1991).
In the instant case, it is evident from the sentencing transcript that the trial court failed to orally pronounce the two special conditions in question. Therefore, as to Condition (6), we affirm that portion of the condition that prohibits the defendant from visiting places where certain substances are unlawfully sold, dispensed, or used. As to that portion of Condition (6), that prohibits the defendant from using intoxicants to excess and as to Condition (13), we reverse and remand for further proceedings consistent with Justice v. State, 658 So.2d 1028 (Fla. 5th DCA), review granted, 666 So.2d 143 (Fla.1995).
On remand, we adopt the rationale of Justice and "permit the trial court, if it so desires, to conduct a new sentencing hearing so that it may properly announce and impose any conditions that it feels appropriate." Justice, 658 So.2d at 1030. Because we have adopted the rationale of Justice, we find ourselves in conflict with the First, Second, and Fourth Districts, that have consistently held that a written order containing unannounced conditions of probation must be amended to conform to the oral pronouncement of judgment and sentence by striking the unannounced conditions. Therefore, we certify the same question that was certified in Justice:
WHERE A SENTENCE IS REVERSED BECAUSE THE TRIAL COURT FAILED TO ORALLY PRONOUNCE CERTAIN SPECIAL CONDITIONS OF *876 PROBATION WHICH LATER APPEARED IN THE WRITTEN SENTENCE, MUST THE COURT SIMPLY STRIKE THE UNANNOUNCED CONDITIONS, OR MAY THE COURT ELECT TO "REIMPOSE" THOSE CONDITIONS AT RESENTENCING?
Justice v. State, 658 So.2d at 1034; contra, Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995); Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994); Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993); Christobal v. State, 598 So.2d 325 (Fla. 1st DCA 1992).
Lastly, we strike the imposition of prosecution and investigative costs as a special condition of probation where the State failed to provide written documentation supporting those costs, where the trial court failed to recite the statutory authority for the imposition of those costs, and where the trial court failed to inquire into the defendant's ability to pay. § 939.01, Fla.Stat. (1993); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994); Blanco-Diaz v. State, 618 So.2d 370 (Fla. 3d DCA 1993). On remand, this reversal is without prejudice to the reimposition of the costs orally pronounced by the trial court upon compliance with the proper procedures. Reyes v. State, 655 So.2d at 114; Blanco-Diaz v. State, 618 So.2d at 371.
Affirmed, in part; reversed and remanded, in part; and conflict certified.