QUINCE, Judge.
Counsel for appellant filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which raised three possible issues. We find merit only in the arguments that the order of restitution does not reflect the restitution amount that was orally imposed and that a special condition of community control was erroneously imposed.[1]
At sentencing the trial court imposed restitution in the amount of $93.80. However, the order of restitution reflects $104.75. The order must be corrected to reflect the restitution amount orally pronounced.
In the order placing the juvenile on community control, the trial judge imposed the condition that appellant could “not possess or carry any weapon unless permission is first obtained from the counselor for a lawful use.” Since this special condition of community control was not orally pronounced at sentencing, it is stricken. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
In all other respects the order of adjudication and disposition is affirmed.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.

. We find no merit in appellant's argument that the trial court erred in advising appellant that the previously imposed conditions of community control are applicable to the newly imposed community control. See Jones v. State, 622 So.2d 1153 (Fla. 1st DCA 1993); Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992).