PER CURIAM.
We have for review Burdo v. State, 667 So.2d 874 (Fla. 3d DCA 1996). We accepted jurisdiction to answer the following question certified to be of great public importance:
WHERE A SENTENCE IS REVERSED BECAUSE THE TRIAL COURT FAILED TO ORALLY PRONOUNCE CERTAIN SPECIAL CONDITIONS OF PROBATION WHICH LATER APPEARED IN THE WRITTEN SENTENCE, MUST THE COURT SIMPLY STRIKE THE UNANNOUNCED CONDITIONS, OR MAY THE COURT ELECT TO “REIMPOSE” THOSE CONDITIONS AT RESENTENCING?
Id. at 875-76.[1]
The Third District reversed and remanded two special conditions of petitioner’s orders of community control and probation that were not orally pronounced at sentencing. Id. at 875. Then, in adopting the rationale of Justice v. State, 658 So.2d 1028, 1030 (Fla. 5th DCA 1995), the district court stated that on remand “[we] ‘permit the trial court, if it so desires, to conduct a new sentencing hearing so that it may properly announce and impose any conditions that it feels appropriate.’” Id. We recently quashed the Fifth District’s Justice decision in Justice v. State, 674 So.2d 123 (Fla.1996), and, in answering the same certified question presented in this case, we held
that where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing.
Id. at 126.
Accordingly, on the authority of Justice, we quash the decision below and hold that where a sentence is reversed because the trial court failed to orally pronounce at sentencing any special conditions of probation reflected in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. We have jurisdiction pursuant to Article V, section 3(b)(4) of the Florida Constitution.