684 So.2d 898 (1996)
Raymond PAZO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0717.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant appeals his sentence arguing that the trial court improperly directed him to pay investigative costs. We affirm the sentence but vacate that portion of the trial court's order requiring the defendant to pay the investigative costs because the trial court lacked the authority to impose such costs.
The defendant pled guilty to committing the offense of burglary of a structure. The trial court withheld adjudication and sentenced the defendant to serve a term of probation. As a special condition of probation, the trial court required that the defendant:
(1) "pay a total of $250 for costs of investigation"; and,
(2) "pay law enforcement investigative costs in the amount of $150.00 to be disbursed to New Smyrna Beach Police Department."
In so ruling, the trial court failed to cite any statutory authority for the imposition of these costs. This failure constitutes error. Samuels v. State, 649 So.2d 272 (Fla. 5th DCA 1994), dismissed, 657 So.2d 1163 (Fla. 1995) (assessed costs whose statutory authority is not specifically identified on the sentencing form should have a reference by statute number to permit appellate review).[1]
*899 Additionally, the instant record does not contain a request by the state that investigative costs be imposed, nor any documentation supporting the imposition of such costs. In the absence of such documentation, the trial court lacked the authority to impose investigative costs. Burdo v. State, 667 So.2d 874 (Fla. 3d DCA 1996), quashed on other grounds, 682 So.2d 557 (Fla.1996). We note that a contemporaneous objection was not required because the trial court lacked the authority to impose these costs. See Golden v. State, 667 So.2d 933 (Fla. 2d DCA 1996); Gant v. State, 640 So.2d 1180 (Fla. 4th DCA 1994).
Accordingly, we affirm the defendant's sentence, vacate the imposition of investigative costs, and remand for the reimposition of such costs, if appropriate, upon compliance with the proper procedure.
JUDGMENT AFFIRMED; SENTENCE AFFIRMED in part; VACATED in part; CAUSE REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] We recognize that the imposition of investigation costs is authorized by several statutes including section 939.01(1), Florida Statutes (1995), which provides in pertinent part:

[I]n all criminal cases, the costs of prosecution, including investigative costs incurred by law enforcement agencies ... if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person. (Emphasis added).
However, this provision can not justify the imposition of costs in this case because the defendant was not a "convicted person" under section 939.01(1), since his adjudication of guilt was withheld. Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988).