SHAHOOD, J.
Appellant violated his aftercare and pled no contest to possession of cocaine and battery on a law enforcement officer. He also admitted to violating his existing community control. Appellant was adjudicated delinquent and placed in a level 10 program with re-entry. The disposition order placed appellant on community control subject to certain conditions imposed when the trial judge placed a checkmark in the blank space next to the condition on the preprinted form. Appellant challenges the following five conditions claiming they were either not orally pronounced or are not statutorily authorized, and therefore, should be stricken:
1) not associate with or any person under supervision with Department of Juvenile Justice or Department of Corrections.
2) participate in a mental health assessment through: TASC evaluation and follow any recommended therapy or treatment.
3) obey all reasonable rules and regulations imposed by juvenile probation'officer and the juvenile probation officer shall have the discretion to take away any non-essential activities or privileges for reasonable periods.
4) promptly and truthfully answer all questions directed by the juvenile probation officer and carry out all instructions the court or his/her juvenile probation officer may give.
5) not possess or carry any weapon unless permission is obtained from the court.
*476 In A.B.C. v. State, 682 So.2d 553, 555 (Fla.1996), the supreme court held that “statutorily authorized conditions of community control for juveniles adjudicated delinquent ... need not be orally pronounced at the adjudicatory hearing prior to entry of a written order.” (affirmed trial court’s order imposing a curfew as a condition of community control even though it was not orally pronounced because sections 39.053(2) and 39.054(l)(a), authorize a curfew for juveniles placed in a community control program).
Other than conditions which are statutorily authorized or mandated by probation or community control statutes, another category of conditions which need not be orally pronounced is that conduct which is proscribed by Florida Statutes. See W.J. v. State, 688 So.2d 954, 956 (Fla. 4th DCA 1997). Publication in the Laws of Florida or Florida Statutes gives all citizens constructive notice of the consequences of their actions. See id. (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)).
In W.J., the state argued that the conditions of community control imposed did not need to be orally pronounced since they were contained in Florida Rules of Juvenile Procedure Form 8.947, and thus, should be treated as general conditions of community control as in State v. Hart, 668 So.2d 589 (Fla.1996).[1] In rejecting such argument, this court held that Form 8.947 contains no general or standard conditions which apply to most orders of community control, i.e., there are no self-executing conditions which apply as soon as the judge signs the order. See id., 688 So.2d at 957. For a condition to be activated in Form 8.947, the judge must affix a mark next to it. See id. In W.J., the trial judge checked eight conditions and left 14 blank. Since each condition required a judicial act to become effective, the conditions contained in the form were more analogous to special conditions. See id. at 958. The form contains no standard language applicable to all cases so that a juvenile can be said to be similarly on notice. See id. “Thus, the fact that a condition of community control is contained in form 8.947 does not relieve the court of the obligation to orally pronounce it, if it is not explicitly authorized by Chapter 39 [renumbered Chapter 985] or does not involve conduct which is prohibited by some other Florida statute.” See id.
A juvenile placed on postcommitment community control will be subject to the provisions of section 985.231(l)(a). Section 985.231(l)(a), Florida Statutes (1999), governs the powers a trial court has in the disposition of delinquency cases. The statute provides the components of community control in juvenile cases:
A community control program for an adjudicated delinquent child must include a penalty component such as restitution in money or in kind, community service, a curfew, revocation or suspension of the driver’s license of the child, or other nonresidential punishment appropriate to the offense and must also include a rehabilitative program component such as a requirement of partic *477 ipation in substance abuse treatment or in school or other educational program. Upon the recommendation of the department at the time of disposition, or subsequent to disposition pursuant to the filing of a petition alleging a violation of the child’s conditions of community control or aftercare supervision, the court may order the child to submit to random testing for the purpose of detecting and monitoring the use of alcohol or controlled substances.
Under A.B.C. and W.J., general conditions of probation applicable in criminal cases are not applicable in juvenile cases. If the condition is not explicitly authorized by Chapter 985 or does not involve conduct which is prohibited by some other statute, it must be orally pronounced.
Based on the foregoing, upon review of the conditions being challenged, we affirm in part and reverse in part:
1) Not associate with-or any person under supervision with Department of Juvenile Justice or Department of Corrections.
Even though this condition is listed in Form 8.947, Florida Rules of Juvenile Procedure, it is not addressed in section 985.231(l)(a). Thus, because this condition was not orally announced, it must be stricken. See W.J., 688 So.2d at 957.
2) Participate in a mental health assessment through: TASC Evaluation and follow any recommended treatment.
Section 985.231(l)(a) specifically mandates that a community control program for an adjudicated delinquent must include a rehabilitative component such as a requirement of participation in substance abuse treatment or in school or other educational program. Clearly, the trial court specifically intended that appellant complete a drug treatment program. Thus, this condition is valid and need not be orally pronounced.
3) Obey all reasonable rules and regulations imposed by juvenile probation officer and the juvenile probation officer shall have the discretion to take away any non-essential activities or privileges for reasonable periods.
4) Promptly and truthfully answer all questions directed by the juvenile probation officer and carry out all instructions the court or his/her juvenile probation officer may give.
Section 985.231(l)(a) authorizes the placement of the child in a community control program under the supervision of an authorized agent of the Department of Juvenile Justice or any other person or agency specifically authorized and appointed by the court, whether in the child’s own home, in the home of a relative of the child, or in some other suitable place under such reasonable conditions as the court may direct. In W.J., this court held that the condition “cooperate fully and maintain contact with your community control counselor as directed” was a necessary component of being under community control, and thus, was valid despite the fact that it was not orally pronounced. See W.J., 688 So.2d at 956-57.
Like W.J., the requirement that appellant obey all reasonable rules and regulations of his juvenile probation officer and that he promptly and truthfully answer all questions directed to him by his probation officer is a necessary component of being under community control and under the supervision of the Department of Juvenile Justice. Thus, conditions three and four are valid despite not being orally pronounced with the exception of the discretionary authority given to the probation officer in condition three. Because there is no statutory authority which permits a probation officer to have the discretion to *478 take away non-essential activities or privileges for reasonable periods, we strike that portion of the language contained in condition three.
5) Not possess or carry any weapon unless permission is obtained from the court.
In W.J., appellant challenged the condition “not possess any firearm or weapons.” The court held that although former section 39.054 did not address firearms or weapons, section 790.23 makes it unlawful to possess any firearm or electric weapon or to carry a concealed weapon if the person has been convicted of a delinquent act that would be a felony if committed by an adult. 688 So.2d at 957. “To the extent that this condition prohibits the possession of a non-electric, non-concealed weapon, it had to have been orally pronounced.” See id. The W.J. court limited the condition to a proscription of the possession of a firearm, electric weapon or a concealed weapon. Any-broader construction of the condition was stricken. See id. Compare R.S. v. State, 664 So.2d 1113 (Fla. 2d DCA 1995)(condition that appellant not possess or carry weapons unless permission is first obtained from the counselor for a lawful use is a special condition of community control which was not orally pronounced and should be stricken). In keeping with W.J., we direct that the condition be amended to reflect a proscription of the possession of a firearm, electric weapon or a concealed weapon.
In addition to the above conditions of community control, appellant correctly points out that the disposition orders in case numbers 97-37JV and 98-91JV improperly impose the condition that appellant attend school every day. The predisposition report notes that appellant completed his high school diploma requirements while in the Marion Youth Development Center. Case number 99-464 does not contain that condition. As such, it appears that such condition was imposed in error and should be stricken.
Appellant further argues, and the state concedes, that the disposition order should be corrected to reflect that appellant did not plead to resisting arrest without violence as this count was nolle prossed. Accordingly, the disposition order must be corrected upon remand. See K.F. v. State, 746 So.2d 493 (Fla. 1st DCA 1999)(cause must be remanded to correct disposition orders to reflect that appellant pled guilty only to count I in petition); see also J.H.L. v. State, 739 So.2d 743 (Fla. 4th DCA 1999)(remand to correct the disposition order to reflect that appellant did not enter a guilty plea, but was sentenced after an adjudicatory hearing).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
GUNTHER and STONE, JJ., concur.

. In State v. Hart, 668 So.2d 589 (Fla.1996), the supreme court held that all defendants facing imposition of probation are on constructive notice of conditions 1 through 11 set forth in the form order of probation, contained in Rules of Criminal Procedure, and only those special conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing; once defendants are charged and subject to the controlling terms of the Rules of Criminal Procedure, publication of the general terms of probation in the rules provide all defendants with sufficient notice to permit an opportunity to object if probation is imposed.