BROWNING, C.J.
J.W.J. (Appellant), a juvenile, appeals the trial court’s denial of a motion for judgment of dismissal or acquittal and the court’s imposition of certain special conditions of probation that were not orally pronounced at the disposition hearing. Finding no error in the denial of the motion for judgment of dismissal, we affirm the disposition order in all respects relating to the two charged offenses. We affirm the special conditions of probation in part but are constrained to strike or order amendment of certain other special conditions that were not orally pronounced and do not have a statutory basis allowing them to be imposed upon juveniles without an oral pronouncement. See C.C.B. v. State, 782 So.2d 473, 477-78 (Fla. 4th DCA 2001); W.J. v. State, 688 So.2d 954, 956 (Fla. 4th DCA 1997).

Denial of Motion for Judgment of Dismissal

A Florida Rule of Juvenile Procedure 8.110(k) motion for judgment of dismissal was made by defense counsel at the end of the State’s case, and it was renewed and denied again after all the evidence was presented. Although it is properly styled differently, such a motion in a juvenile delinquency proceeding is akin to a motion for judgment of acquittal in an adult criminal trial. See D.E. v. State, 904 So.2d 558, 561 (Fla. 5th DCA 2005); W.E.P. v. State, 790 So.2d 1166, 1169 n. 3 (Fla. 4th DCA 2001). Our review of the denial of a motion for judgment of dismissal is de novo. See E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). A motion for judgment of dismissal should not be granted unless there is no legally sufficient evidence on which to base a guilty verdict. See G.D. v. State, 497 So.2d 1318, 1319 (Fla. 3d DCA 1986). We view the evidence and all reasonable inferences in a light most favorable to the State. See *1225 D.E., 904 So.2d at 561. So long as competent, substantial evidence supports the verdict, the denial of a motion for judgment of dismissal will not be reversed on appeal. See id.
The petition alleged that on January 7, 2008, Appellant committed aggravated battery with a deadly weapon (a soda pop can), a second-degree felony, in violation of section 784.045(l)(a)2., Florida Statutes (2007); and wantonly or maliciously shot and threw any missile or hurled or projected a stone or other hard substance that would produce death or great bodily harm at a vehicle of any kind that was being used or occupied by someone, a second-degree felony, in violation of section 790.19, Florida Statutes (2007). The trial court adjudicated Appellant delinquent of both crimes charged.
The charges arose from an incident that occurred around 4:30-5:00 p.m. on the date in question as the victim, Ronald Lowe, rode his motorized, stand-up scooter past a gas station at Highways 17 and A1A. The 17-year-old victim, a junior in high school, testified that about 20 feet away, he observed a white S.U.Y. exiting the station with five male occupants, one of whom was laughing and pointing, as many people did when the victim rode his scooter. A “vibe” made the victim “know” something was going to happen, so he accelerated to leave the scene. However, the scooter’s top speed is 20 miles per hour. A short time later, as the victim traveled along the sidewalk on his scooter about six or seven feet from the road, he saw the same white S.U.V. approaching from behind him at about 30 miles per hour. He was struck on the head with a soda can, which was thrown out of the window of the S.U.V. As the S.U.V. passed him, the victim observed Appellant (whom the victim identified in court as the perpetrator) leaning halfway out of the front passenger’s window with outstretched arms indicating a “bring it on” attitude. In response, the angry victim “flipped him off’ with a hand gesture. The S.U.V. proceeded past the victim and did not stop. The victim testified that the daylight was sufficient to allow him to see what was happening. He immediately drove to the Sowell Road residence of neighbors, left his scooter in the yard, and recounted what had happened, after which the police were called. From inside the neighbors’ home, the victim saw the white S.U.V. pass by the residence.
Angela Smith, a resident of Sowell Road in Yulee, Nassau County, testified that her road is shaped like a long horseshoe. On January 7, 2008, Ronald Lowe ran into her house scared and yelling. He told her that a white S.U.V. had thrown a can at him. The victim had a red mark on his forehead and “some sticky stuff’ like soda pop in his hair. When Ms. Smith and the victim went outside a couple of minutes later, she saw a white Ford Explorer coming around the corner in her direction, and she directed the victim back inside the house. Ms. Smith saw two people inside the S.U.V. and recognized Appellant (whom she already knew through her children) seated on the passenger’s side. As the vehicle passed by, Appellant, hanging out of the window, stared at Ms. Smith and “flipped a bird” at her and her children.
Deputy Quick testified that he had responded to a dispatch and found Ronald Lowe at a Sowell Road residence. The victim appeared to be shaken up and had a reddish place on his forehead. After receiving a description of the incident and the suspect, the deputy found Appellant and another male, Chad, at Appellant’s residence, informed them of their Miranda rights, and separated them for questioning. Appellant admitted having ridden in the front passenger’s seat of a white S.U.V. driven by “Dave.” Appellant gave conflicting accounts of where they had *1226 gone in the vehicle. Appellant denied throwing anything out of the vehicle. After questioning the other male, Deputy Quick handcuffed Appellant and placed him in the back of the patrol car. After additional questioning, Appellant admitted tossing something out of the window, but he claimed it was accidental that it struck the victim. Returning to the scene of the incident after darkness fell, the deputy observed large amounts of trash and “didn’t want to get the wrong can.”
At that stage of the proceedings, defense counsel moved for a judgment of dismissal on the ground that the State had not proved either that Appellant actually and intentionally threw a soda can at Ronald Lowe or that Appellant wantonly or maliciously threw any missile or stone or anything else at the victim. Viewing the evidence in the light most favorable to the State, the trier of fact reasonably inferred from Appellant’s body language and gesturing that he had intentionally thrown the soda can at the victim. Appellant admitted throwing something out of the window, claiming that the victim was accidentally struck, yet the S.U.V. did not stop at the scene. The proof of intent and wantonness or malice is bolstered by evidence that a short time later, Appellant passed Ms. Smith’s residence (where the scooter was parked in the yard), hung his body out of the same window, and made an insulting finger gesture. The victim and Ms. Smith identified Appellant as the perpetrator. Because a rational trier of fact could find the elements of the charged offenses proved beyond a reasonable doubt, the trial court correctly denied the motion. See Banks v. State, 732 So.2d 1065, 1067 & n. 5 (Fla.1999).

Imposition of Special Conditions of Probation

 Appellant relies on the general rule that special conditions of probation must be stricken if not orally pronounced at sentencing. See Burdo v. State, 682 So.2d 557, 558 (Fla.1996). In A.B.C. v. State, 682 So.2d 553, 555 (Fla.1996), however, the court concluded that “statutorily authorized conditions of community control for juveniles adjudicated delinquent or with adjudication withheld need not be orally pronounced at the adjudicatory hearing prior to entry of a written order.” That conclusion is consonant with the Fourth District Court’s statements in C.C.B., 782 So.2d at 476, that an exception to the “oral pronouncement” requirement for special conditions of juvenile probation exists where the condition is explicitly authorized by the juvenile delinquency chapter, is specifically authorized for juvenile cases by some other statute, or involves conduct that is proscribed by Florida Statutes. See also W.J., 688 So.2d at 956. “[Pjublication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions.” State v. Beasley, 580 So.2d 139, 142 (Fla.1991).
Applying the language in these decisions to Appellant’s written special conditions of probation that were not orally pronounced at disposition, we conclude that the requirements for Appellant 1) to complete 25 hours of community service, 2) to obey a curfew to be determined by the juvenile probation officer and the parent(s)/legal guardian(s), 3) to participate in counseling as deemed appropriate, and 4) to submit to random urinalysis and pay the costs of testing are proper and should be affirmed because they are authorized by section 985.435(2)-(3), Florida Statutes (2007), and did not have to be pronounced orally. Likewise, the special condition prohibiting Appellant from possessing or consuming tobacco products did not require an oral pronouncement, in that section 569.11(1), Florida Statutes (2007), makes it unlawful for any person under age 18 knowingly to possess any tobacco product.
*1227 The special condition that Appellant and his parent(s)/legal guardian(s) pay court costs and a fine totaling $168.00 to the Victims’ Compensation Fund within 90 days must be considered according to its components. Fifty dollars of that amount is authorized by section 775.083(2), Florida Statutes (2007), which states that “court costs shall be assessed and collected in each instance a defendant ... is ... adjudicated delinquent for ... a felony.” See V.K.E. v. State, 934 So.2d 1276 (Fla.2006); T.L.S. v. State, 949 So.2d 290, 292 (Fla. 5th DCA 2007). Another $50.00 is authorized by section 938.03(1), Florida Statutes (2007), which expressly includes juveniles adjudicated delinquent for any felony or delinquent act; and $3.00 is authorized by section 938.19(2), Florida Statutes (2007), which expressly includes juveniles “adjudicated delinquent for a violation of a criminal law ... [or] a delinquent act.” However, as to the $65.00 in costs authorized by section 939.185(l)(a), Florida Statutes (2007), the Fifth District Court in T.L.S., 949 So.2d at 293, held that this statutory provision “is not intended to apply to juveniles.” Therefore, this cost cannot be assessed, as the State concedes, and we direct the trial court on remand to reduce $168.00 by $65.00.
The State concedes that the special condition prohibiting Appellant from associating “with any known delinquent peers” must be stricken pursuant to C.C.B., 782 So.2d at 477, for this type of condition is not explicitly authorized by section 985.435, Florida Statutes (2007), or any other applicable statute and was not orally pronounced.
Finally, we consider the special condition that Appellant “shall not possess nor [sic] use any type of weapon.” Section 790.23(l)(b), Florida Statutes (2007), makes it unlawful for a person to own or have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon if the person has been convicted of a delinquent act if committed by an adult. In W.J., 688 So.2d at 957, the Fourth District Court held that to the extent the condition prohibited the possession of a non-electric, non-concealed weapon, it had to have been pronounced orally. The State concedes that this special condition must be amended on remand to accord with the statute and W.J.
We AFFIRM the order adjudicating Appellant delinquent and ordering him into a high-risk commitment, to be followed by probation. We AFFIRM the conditions of probation, except for those previously discussed special conditions that were not orally pronounced and are not otherwise authorized for juveniles adjudicated delinquent of a felony or a delinquent act, and REMAND with directions to the trial court to strike any unauthorized special condition pursuant to C.C.B. or, in the case of the “weapon” proscription, to amend it to accord with the statute and W.J.
BARFIELD and THOMAS, JJ., concur.