42 So.3d 333 (2010)
R.F., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-689.
District Court of Appeal of Florida, Second District.
August 18, 2010.
*334 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dawn A. Tiffin, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
R.F. appeals a disposition order that withholds adjudication of delinquency and places him on indefinite probation not to exceed his nineteenth birthday for committing the delinquent act of aggravated assault with a deadly weapon. We affirm the determination that R.F. committed the delinquent act and the withhold of adjudication of delinquency without comment but write to address the disposition which we affirm. Additionally, we reverse and remand for the trial court to strike certain costs.
R.F. filed a motion to correct disposition error under Florida Rule of Juvenile Procedure 8.135(b)(2) which was deemed denied when the trial court failed to render an order on the motion within thirty days. See Fla. R. Juv. P. 8.135(b)(1)(B), (b)(2)(B). In the motion, R.F. argued, among other things, that the trial court entered an illegal disposition of indefinite probation not to exceed his nineteenth birthday. He also argued that the trial court improperly imposed an unknown amount of costs in the written order that reads "$____ F.S. 939.185" and that the statute does not apply to juvenile delinquency cases.
With respect to the probationary term imposed on the withhold of adjudication, R.F. was thirteen when the trial court imposed probation not to exceed R.F.'s nineteenth birthday. Thus, the disposition imposed more than five years of probation. On appeal, R.F. argues and the State concedes that for the third-degree felony of aggravated assault, the maximum probationary term for R.F. is five years. Aggravated assault is a third-degree felony that carries a statutory maximum penalty for an adult of five years in prison. See §§ 775.082(3)(d), 784.021(2), Fla. Stat. (2007). Both R.F. and the State contend that juvenile probation cannot exceed the term that the court could impose if it committed the juvenile, and a commitment may not exceed the maximum term that an adult could serve for the same crime. See §§ 985.435(5), .455(3), Fla. Stat. (2007).[1]
However, this limitation on the period of juvenile probation specifically applies when the court adjudicates a child delinquent, not when the court withholds *335 adjudication of delinquency. See §§ 985.35(4)(a), .435(1), (5), .455(1), (3); N.W. v. State, 767 So.2d 446, 450 (Fla. 2000); J.M.W. v. State, 935 So.2d 630, 631 (Fla. 2d DCA 2006).[2] Therefore, because the trial court withheld adjudication of delinquency, it properly imposed the probationary term until R.F.'s nineteenth birthday. Accordingly, we affirm the probationary term.
With respect to costs under section 939.185, Florida Statutes (2007), R.F. correctly points out that the trial court failed to give him notice of the amount owed. In addition, R.F. and the State cite to J.W.J. v. State, 994 So.2d 1223, 1227 (Fla. 1st DCA 2008), and T.L.S. v. State, 949 So.2d 290, 293 (Fla. 5th DCA 2007), for the proposition that section 939.185 does not apply to juvenile delinquency cases. We note that effective July 1, 2007, the legislature amended section 939.185 to apply specifically to an adjudication of delinquency. See Ch.2007-71, § 3, at 515, § 4, at 516, Laws of Fla. However, the amended statute does not provide for the imposition of the cost when the court withholds adjudication of delinquency. See § 939.185(1)(a). Thus, section 939.185 is not applicable to R.F.'s case. To the extent that the order imposes costs under section 939.185, we reverse and direct the trial court on remand to strike those costs.
Affirmed in part, reversed in part, and remanded.
WHATLEY and WALLACE, JJ., Concur.
NOTES
[1] The statutes provide an exception for a second-degree misdemeanor which allows the court to impose a period of supervision not to exceed six months. See §§ 985.435(5),.455(3), Fla. Stat. (2007).
[2] In N.W., 767 So.2d at 446, 448, and J.M.W., 935 So.2d at 631, the courts applied prior versions of sections 985.35(4)(a), 985.435(1), (5), and 985.455(1), (3). See §§ 39.053(2),.054(1), (4), Fla. Stat. (1995); §§ 985.228(4),.231(1)(a)(1)(a), Fla. Stat. (2004).