# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3815

_____

T.K., a child,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Taylor County.
William W. Blue, Judge.

April 30, 2018

RAY, J.

    T.K. appeals an adjudication of delinquency for battery on a school employee. The charge stemmed from a schoolyard altercation between T.K. and another student in which a teacher was struck while attempting to break up the fight. T.K. contends the trial court erred in denying her motion for judgment of dismissal[*] because the facts presented by the State showed only

_____

[*] Although T.K. referred to the motion as a motion for acquittal, which would apply in the adult criminal context, the motion is properly styled as a motion for judgment of dismissal in a juvenile delinquency proceeding. *J.W.J. v. State*, 994 So. 2d 1223, 1224 (Fla. 1st DCA 2008).

that she intended to hit the student–not the teacher–and the State could not rely on the doctrine of transferred intent to enhance the offense from simple misdemeanor battery to battery on a school employee, a felony. We conclude sufficient evidence exists for the trier of fact to find that T.K. had the specific intent to commit battery on the teacher and affirm.

We review the denial of a motion for judgment of dismissal de novo, viewing the evidence and all reasonable inferences in the light most favorable to the State. *J.W.J. v. State*, 994 So. 2d 1223, 1224 (Fla. 1st DCA 2008). If a rational fact-finder could find the elements of the offense proven beyond a reasonable doubt, the evidence is sufficient to sustain the adjudication of delinquency. *C.B.B. v. State,* 135 So. 3d 1139, 1142 (Fla. 1st DCA 2014). Stated another way, the denial of a motion for judgment of dismissal will not be reversed on appeal if competent, substantial evidence supports the adjudication. *J.W.J.*, 994 So. 2d at 1225.

To prove the charge in this case, the State had to present sufficient evidence that (1) T.K. intentionally touched or struck the teacher against the teacher's will; (2) the teacher was a school district employee; and (3) T.K. had reason to know the teacher was a school district employee. *See* §§ 784.03(1)(a)(1), 784.081(2)(c), Fla. Stat. (2016). With regard to the intent element, "[i]ntent, a state of mind, is rarely susceptible of direct proof. It is almost *always* shown *solely* by circumstantial evidence." *State v. Sims*, 110 So. 3d 113, 122 (Fla. 1st DCA 2013) (quoting *Green v. State*, 90 So. 3d 835, 837 (Fla. 2d DCA 2012)) (emphasis added by *Sims*).

Here, the only element in dispute is whether T.K. intentionally touched or struck the teacher. T.K. argues that she inadvertently hit the teacher when he stepped into the fray to stop the fight, and that her intent to hit the student cannot be transferred to the teacher to enhance the severity of the battery. We agree with T.K. on the latter point. As we have previously explained,

The doctrine of transferred intent as adopted by the supreme court of this state is governed and limited by the intent operative as to the intended victim, not the unintended victim, and the severity of the offense

2

predicated on the doctrine of transferred intent is that applicable had the intended victim been the one injured.

*Mordica v. State*, 618 So. 2d 301, 302-04 (Fla. 1st DCA 1993); *see also S.G. v. State*, 29 So. 3d 383 (Fla. 5th DCA 2010) (doctrine of transferred intent could not apply to enhance severity of battery to battery on school employee where the appellant threw a stapler at another student but the stapler hit a school employee).

But in this case, the State did not rely on the doctrine of transferred intent to establish the disputed element of intent, nor did it need to do so given the record evidence and the reasonable inferences from the evidence. The teacher who broke up the fight testified that when he separated the two students, "[T.K. was] trying to get to [the student], coming over top of me, around me, through me, [by] whatever, I think, means necessary." He added that T.K. hit him in the head, the back, and the shoulder. The trial court viewed the video and determined that it showed T.K. intentionally jumping on the teacher's back: "What I could see is that she jumped on the back of [the teacher]. That alone is battery. . . [S]he wasn't trying to jump on the victim's back and she landed on [the teacher]. She jumped on [the teacher's] back and that standing alone is a battery."

The trial court correctly found that the transferred intent doctrine did not apply in these circumstances because competent, substantial evidence shows that T.K. intended to touch or strike the teacher against his will. For these reasons, we affirm the adjudication of delinquency.

ROWE and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

3

Pamela Jo Bondi, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.